**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Stanley SPEARS, Defendant-Appellant.**

**No. 14341.**

United States Court of Appeals
Sixth Circuit.

Feb. 25, 1961.

---

George D. Milliken, Jr., Bowling Green, Ky., for appellant.

Robert D. Simmons, Asst. U. S. Atty., Louisville, Ky., William B. Jones, U. S. Atty., Louisville, Ky., on brief for appellee.

Before McALLISTER, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

WEICK, Circuit Judge.

Appellant Spears was convicted by a jury in the District Court of forcibly breaking into a Post Office with intent to commit larceny and was sentenced to five years imprisonment. Title 18 U.S.C. § 2115. In his appeal, the only error complained of is an alleged unlawful search and seizure of his automobile from which evidence was obtained to convict him. A motion to suppress the evidence was timely made and denied by the District Judge. The affidavit for search warrant made by a postal inspector is contained in footnote 1. The United States Commissioner issued the search warrant. Spears claims that the facts set forth in the affidavit for search warrant were insufficient to establish probable cause for the issuance thereof and, therefore, the search of his automobile was illegal.

Spears, in his brief, relates some of the facts.[2] In addition thereto, while

---

1. United States of America,
   v.
   James Stanley Spears, 813 Coffey Street Indianapolis, Ind.

   "Affidavit for Search Warrant

   "One 1957 Ford Fairlane 500 two-door Black automobile Ind. License No. AG 9181, Engine Serial No. C8UV 175847
   "Before Claudia P. Compton
   Name of Commissioner

   Bowling Green, Kentucky
   Address of Commissioner

   "The undersigned being duly sworn deposes and says:
   "That he has reason to believe that on the premises known as One 1957 Ford Fairlane 500 two-door Black automobile Inc. 1959 License No. AG 9181, Engine Serial No. C8UV 175847, the property of James Stanley Spears and located at 813 Coffey Street in Indianapolis, Indiana, in the District of Indiana, there is now being concealed certain property namely evidence in connection with the burglary of post office at Waterview, Kentucky which are in violation of Section 2115, Title 18 here give allege[d] grounds for search and seizure.
   "And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows:-
   "On the night of July 5 or early morning of July 6, State Trooper was passing country road and observed automobile parked, and did not investigate because he thought it might be lovers, and immediately after leaving this scene this automobile started off and left the scene at a high rate of speed and next morning safe which has been stolen from the post office at Waterview, Ky., was found pushed off the bank at the approximate location of the automobile and warrant was taken for James Stanley Spears on identification of woman who identified Spears as the man who robbed her, and the officer going to Indianapolis to arrest Spears noticed the heavy indentions in the trunk of the car which appeared to have been made by some heavy object.

   "/s/ W. D. Lewis
   Signature of Affiant

   /s/ Postal Inspector
   Official Title, if any

   "Sworn to before me, and subscribed in my presence, July 20, 1959.
   "/s/ Claudia P. Compton
   United States Commissioner"

2. "On the night of July 5, 1959, or in the early morning hours of July 6, 1959, the post office located at Waterview, Kentucky, about six and one-half miles from Burkesville, was broken into and a safe containing postal supplies, money orders, a sum of money, and other articles was removed from the building. (Transcript of Evidence, pp. 10-22.)
   "In the early morning of July 6, 1959, State Trooper Robert Tucker, driving a state police cruiser on the road leading to the Waterview post office, observed a black 1957 Ford back off the road on Clay Lick Hill, which is about three miles east of Burkesville and halfway between Burkesville and Waterview. (Transcript of Evidence, pp. 23, 24 and 26.)
   "Subsequently, Paul Lloyd, Kentucky State Police Detective, Stanley Gross, Sheriff of Cumberland County, James Fraser, Police Inspector, and Trooper

the Post Office burglary was being investigated, Spears was identified by a woman residing at Jamestown, Kentucky as the person who shot her in the leg during the perpetration of an armed robbery. This armed robbery took place shortly after the burglary of the Post Office. On July 15, 1959 Spears was arrested in Indianapolis, Indiana by William Smith, a Kentucky State Police detective on the charge of armed robbery and assault on said woman. Detective Smith searched Spear's automobile incident to the arrest, looking for the firearm used in the armed robbery and assault. Smith, in searching the car, observed fresh scraping marks under the deck lid and other parts of the trunk indicating that a heavy object had been pushed into the trunk of the car causing this damage and also the trunk deck to be sprung. Smith reported his findings to the federal officers in Kentucky who applied for a search warrant. Acting under the authority of the search warrant, federal officers took brushings and scrapings from the trunk of Spear's car in Indianapolis which were submitted to a laboratory test. The specimens taken from the trunk of the car were identified as particles of paint which had been chipped from the safe.

Rule 41(b), Federal Rules of Criminal Procedure 18 U.S.C. authorizes the issuance of a warrant to seize any property "(2) Designed or intended for use or which is or has been used as the means of committing a federal offense." While the affidavit for the search warrant was by no means a work of art, it appears therefrom that a federal offense had been committed; that Spear's automobile was at or near the scene of the crime; that

near the place where the car had been parked, the safe and other property stolen from the Post Office had been found; that marks and indentations were in the trunk of the car indicating that some heavy object had been carried therein such as the safe stolen from the Post Office. In our opinion, this was sufficient to justify the action of the United States Commissioner in issuing the search warrant.

In Evans v. United States, 6 Cir., 1957, 242 F.2d 534, 536, we passed on the validity of a search warrant. We said:

"Probable cause for the issuance of a search warrant exists where circumstances before the officer are such as to cause a man of reasonable prudence to believe that an offence is being committed. United States v. Celedonia, D.C., 95 F.Supp. 228. The Commissioner must exercise his own judgment as to whether the facts in the affidavit constitute probable cause for issuance of a search warrant; and his determination is conclusive, unless his judgment is arbitrarily exercised. Gracie v. United States, 1 Cir., 15 F.2d 644. In the instant case there is no showing of abuse of discretion on the part of the Commissioner or on the part of the district court."

This decision was cited with approval in the recent case of United States v. Ramirez, 2 Cir., 1960, 279 F.2d 712, 716. In that case Judge Waterman who wrote the opinion for the court said:

"However, it is also clear that in order for a search warrant to be valid the supporting affidavits need not contain all the information possessed by the officers seeking to

---

Tucker made an investigation of the road in the vicinity of Clay Lick Hill, near where the black Ford was seen in the early morning of July 6, 1959.

"They found some ledgers, day books, postal money orders, and a few pennies lying on top of the bank just off the road, and about 100 yards on down the steep hill near the creek they found the safe which was taken from the Waterview post office. (Transcript, pp. 39 and 42.)

"Later in the day, J. H. Fraser, Postal Investigator, found evidence of markings on the pavement and in the ditch where a car had gone off of the road in the edge of the city of Burkesville, at the intersection of Church and Hill Streets. (Transcript, pp. 50–51.) Later it was established that James Stanley Spears owned a 1957 Ford and that it was the car that went off into the ditch in the edge of the city of Burkesville."

obtain it. United States v. Bell, D.C.D.C.1955, 17 F.R.D. 13, 14. In close cases such as the present one the very fact that the Commissioner found probable cause is itself a substantial factor tending to uphold the validity of the warrant he issued."

In Jones v. United States, 1960, 362 U.S. 257, 80 S.Ct. 725, 736, 4 L.Ed.2d 697, the Court held "that hearsay may be the basis for a warrant."

We conclude that the United States Commissioner, in finding that probable cause existed, did not abuse his discretion. Nor did the District Judge in denying the motion to suppress the evidence.

The judgment of conviction of the District Court is affirmed.