UNITED STATES of America, Plaintiff-Appellee,

v.

Frank Ray MEEKS, Defendant-Appellant.

No. 15067.

United States Court of Appeals Sixth Circuit.

Feb. 15, 1963.

Dale Quillen, Nashville, Tenn., Ronald Curtis, Nashville, Tenn., of counsel., for appellant.

B. B. Guthrie, Chattanooga, Tenn., John H. Reddy, U. S. Atty., Chattanooga, Tenn., on brief, for appellee.

Before MILLER and WEICK, Circuit Judges, and BOYD, District Judge.

PER CURIAM.

Appellant, Frank Ray Meeks, in a trial to the Court without a jury, was found guilty and sentenced by the Court under a two-count indictment charging (1) illegal possession of nontaxpaid whiskey, and (2) illegal possession of property intended for use in violating the internal revenue laws of the United States, in violation of Sections 5205(a) (2), 5604 (a) (1), 7302, and 5686(a), Title 26, United States Code.

The incriminating evidence which supported the finding of guilt was obtained through the search of certain premises allegedly occupied by the appellant under a search warrant issued by a United States Commissioner on the basis of an affidavit by a Government agent. Appellant made a timely motion to quash the search warrant and suppress the evidence, which was overruled by the District Judge.

Appellant first contends that the search warrant was invalid because the affidavit did not state facts showing probable cause for the issuance of the warrant. Particular objection is made to the fact that the material facts stated therein were based on information received by the agent instead of on personal knowledge, and that the statements therein were generalities concerning the appellant's past participation in the illicit moonshine whiskey business without showing the commission of a present offense.

It has been recently held by the Supreme Court in Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed.2d 697, that an affidavit is not to be deemed insufficient to show probable cause because it sets out the observations of another, rather than the observations of the affiant himself, so long as a substantial basis for crediting the hearsay is presented. The affidavit complied with this requirement and was not insufficient for failing to state affiant's personal knowledge.

The affidavit, in addition to stating generalities about appellant's illicit

**466**

whiskey operations, also contained the statement that "whiskey is *now* secreted on the premises." (Emphasis added.) In our opinion, this meets appellant's criticism of failure to state the commission of a present offense and failure to describe with reasonable particularity the property to be searched for and seized, and also furnished probable cause to the Commissioner for issuance of the warrant. United States v. Nicholson, 303 F.2d 330, 331–332, C.A.6th, cert. denied, 371 U.S. 823, 83 S.Ct. 43, 9 L.Ed.2d 63; United States v. Spears, 287 F.2d 7, 9, C.A.6th; Evans v. United States, 242 F.2d 534, 536, C.A.6th.

■ The affidavit was made up on a printed official form used for such purposes. In the place where it stated that the affiant had reason to believe that on the premises known as Frank Meeks, Grundy County, in the Eastern District of Tennessee, "there is now being concealed certain property, namely, etc.," there was obviously insufficient space to write a description of the premises with directions how to locate it. In this space there are the words "(See attachments)" and there is stapled to the affidavit covering that space a strip of paper, approximately an inch deep and containing seven lines of description of the premises with directions how to locate it. This same situation exists with respect to the search warrant. These paper strips are not signed or initialed, but the typing on them appears, at least to the inexperienced layman, to be by the same machine used in filling out the other portions of the printed forms.

Appellant contends that since it is not shown by a signature, initials or some other identifying mark thereon, that the typewritten slips of paper were a part of the affidavit and search warrant at the time of the execution and issuance thereof, they do not legally constitute a part of either the affidavit or the search warrant and that the warrant is, accordingly, invalid for failing to contain a reasonably definite description of the property to be searched.

Appellant's counsel states that he has been unable to find any reported decision sustaining this specific contention, but urges upon this Court a ruling to that effect based upon the principles embodied in the Fourth Amendment to the Constitution of the United States protecting the rights of the people against unreasonable searches and seizures. Boyd v. United States, 116 U.S. 616, 635, 6 S.Ct. 524, 29 L.Ed. 746; McDonald v. United States, 335 U.S. 451, 455–456, 69 S.Ct. 191, 93 L.Ed. 153.

A somewhat similar question was recently considered by this Court in United States v. Brooks, 303 F.2d 851, cert. denied, 371 U.S. 889, 83 S.Ct. 184, 9 L.Ed. 2d 122. In that case the attachments were better identified than they are in the present case, but our basic ruling was that, subject to satisfactory identification of such an attachment, the instrument was not invalid merely because necessary statements were contained in the attachment rather than in the main body of the instrument. The real question is, were the attachments fastened to the instruments at the time of their execution so as to constitute one complete document, in which event it would not be necessary that they be separately signed. Clay v. United States, 246 F.2d 298, 303, C.A.5th. In the present case the printed form expressly refers to an attachment and the attachment is physically stapled to the form. Although it was a careless way in which to handle the matter, without better identification and one which we do not approve, the two papers appear to be one complete document, regular on its face, supported by the presumption that the Commissioner properly performed her duty. United States v. Brooks, supra. Appellant offers nothing to attack the validity of the instruments except the suggestion of the possibility that the Commissioner did not perform her duty. We believe that is insufficient to invalidate the instruments.

The motion to suppress the evidence was properly denied and the judgment is affirmed.