**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Florencio SEPE, Defendant-Appellant.**

**No. 72–1352.**

United States Court of Appeals,
Fifth Circuit.

Nov. 19, 1973.

Melvyn Kessler, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Michael P. Sullivan, Asst. U. S. Atty., Miami, Fla., Elliot L. Richardson, Acting U. S. Atty. Gen., Robert B. Patterson, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

*Appeal from the United States District Court for the Southern District of Florida*

Before JOHN R. BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, RONEY, and GEE, Circuit Judges.

PER CURIAM:

The panel opinion in this case is reported, United States v. Sepe, 5 Cir., 1973, 474 F.2d 784.

The panel held that Sepe's voluntary plea of guilty to a charge of conspiring to import heroin and his voluntary pleas of *nolo contendere* to charges of importing heroin and of possessing narcotics with intent to distribute waived all nonjurisdictional errors and barred an appeal in which Sepe sought to assert that the heroin and the suitcase in which it was contained should have been suppressed as the fruits of an unlawful search.

It was further held that a guilty plea is not invalid because it represents a compromise by the defendant or thrusts a difficult judgment on him or is motivated by fear of greater punishment.

The panel was careful to say that a guilty plea does not bar an appeal which asserts that the indictment or information failed to state an offense, or that the statute providing the basis for the

charge is unconstitutional,[1] or that the indictment showed on its face that it was barred by the statute of limitations.[2]

In the interest of clarity we point out that this case did not involve an express agreement to allow an appeal,[3] but we now take advantage of an opportunity to say that as matter of policy this Court disapproves the practice of accepting pleas of guilty or *nolo contendere* if they are coupled with agreements that the defendant may nevertheless appeal on nonjurisdictional grounds.

The opinion and judgment of the panel, 474 F.2d 784, is

Affirmed.

1. Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968).

2. United States v. Rosenberg, 5 Cir., 1972, 458 F.2d 1183.

3. United States v. Cook, 5 Cir., 1972, 463 F.2d 123; United States v. Wysocki, 5 Cir., 1972, 457 F.2d 1155.

Since the record reflects no agreement to permit an appeal after the guilty and *nolo* pleas, this appeal presents no *Santobello* issue, Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).