**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Robert MENDOZA, Reuben O. Mendoza, Jr., and Yolanda Ashton Ortiz,**
**Defendants-Appellants.**

**No. 73–1684.**

United States Court of Appeals,
Fifth Circuit.

March 21, 1974.

James R. Gillespie, San Antonio, Tex., for Mendoza.

M. W. Garcia, Jr., San Antonio, Tex., for Ortiz.

William S. Sessions, U. S. Atty., Joel D. Conant, Eb F. Luckel, Jr., Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before RIVES, GEWIN and RONEY, Circuit Judges.

GEWIN, Circuit Judge:

I

Appellants Robert Mendoza, Reuben O. Mendoza and Yolanda Ortiz appeal from the district court's judgment of conviction. On November 22, 1972, a two-count indictment was returned charging appellants in court one with unlawfully possessing with the intent to distribute 109.15 grams of cocaine, a controlled substance under Schedule II of the Controlled Substances Act of 1970, in violation of 21 U.S.C. § 841(a)(1), and in count two of unlawfully possessing with the intent to distribute 404 dosage units of amphetamines, a controlled substance under Schedule III of the Controlled Substances Act of 1970, in violation of 21 U.S.C. § 841(a)(1). On January 3, 1973, the district court conducted a hearing on a motion filed by appellants to suppress the above mentioned sub-

stances which were allegedly seized on the basis of a defective affidavit. On the basis of the facts elicited at the hearing, the court denied the suppression motion. We affirm.

In face of the district court's order denying suppression, the appellants and the Government filed a stipulation for the trial of the appellants on February 14, 1973, which stipulation admitted in detail all the facts necessary to support a finding of guilt by the district court of the charges contained in the indictment. Even though the appellants had entered a plea of not guilty to the indictment they stipulated that they did not "contest any element of the offense alleged in either count of the indictment and agree[d] that the court may find them guilty as to each count." In response to the not guilty pleas and the stipulations which supported a finding of guilt, the trial court "adjudged that the [appellants] upon [their pleas] of *not guilty*, and a finding of guilty [have] been convicted of the offense[s] . . . ." (emphasis added) charged in the indictment.

In the stipulation signed by appellants, their counsel, and Government counsel, it was expressly stated that:

> [Defendants] aware of the Court's ruling on their joint motion to suppress the evidence, and of the nature of the Government's evidence against them, . . . desire to protect their respective rights to appeal the Trial Court's ruling on their motion to suppress. At the same time, all three defendants do not desire to unnecessarily prolong the proceedings herein.

Thus, even though appellants stipulated all the essential facts necessary for their conviction, they did not withdraw their pleas of not guilty, and sought to expressly reserve their right to appeal from the order denying the motion to suppress.

On this appeal, there is no attack on the facts as stipulated by appellants and their counsel. The district court carefully interrogated all appellants and their counsel and was assured by them that the stipulations were made knowingly and voluntarily with the full advice of privately retained counsel. Furthermore, the district court implicitly recognized the appellants' reserved right to appeal from its order denying the motion to suppress the evidence.

■■ As a threshold issue, it is incumbent upon an appellate court to determine whether it may properly exercise its jurisdiction in each case. Although neither party to this appeal has contested our jurisdiction, their omissions do not foreclose our review *sua sponte*. Accordingly, we must resolve whether an appeal may be properly perfected from a judgment of conviction emanating from a defendant's contradictory plea of not guilty as compared with his subsequent stipulations which expressly and effectively admit sufficient facts to support an adjudication of guilty of the charges in the indictment but explicitly reserves the right to appeal.

Our sensitivity to the problem posed arises from this circuit's recent en banc decision in United States v. Sepe, 486 F.2d 1044, affirming 474 F.2d 784 (5th Cir. 1973). In *Sepe* it was clearly stated that:

> In the interest of clarity we point out that this case did not involve an express agreement to allow an appeal, but we now take advantage of an opportunity to say that as a matter of policy this Court disapproves the practice of accepting pleas of guilty or *nolo contendere* if they are coupled with agreements that the defendant may nevertheless appeal on non-jurisdictional grounds. *Id.* at 1045. (footnote omitted)

*Sepe* thus sounded this court's disapproval of the use of conditional pleas of guilty and *nolo contendere* in our circuit. The underlying reasons for the court's pronouncement in *Sepe* were markedly absent.

Demonstrating the judiciary's ability to quickly respond to new guiding prin-

ciples, Chief Judge Brown adequately supplied both the *ratio decendi* for the *Sepe* opinion and the remedy to be provided once it is shown that an appeal arises on non-jurisdictional grounds from a conditional plea in United States v. Mizell, 488 F.2d 97 (5th Cir. 1973). *Mizell* concerned an appeal from a *nolo contendere* plea on the non-jurisdictional issue of whether the district court properly refused to suppress evidence seized in an allegedly routine inventory search by the police.

The court first noted that the district court had apparently recognized by sanctioning the reserved right to appeal from the plea of *nolo contendere,* that Mizell's conviction could not stand *but for* the allegedly illegally seized evidence. Second, the court noted the difficulty inherent in actually resolving the question whether the government could have established the guilt of Mizell even without the fruits of the search. It was observed that Mizell's case did not present the situation where the government's evidence is limited strictly to the surrounding facts or the actual fruits seized during the search.

Thus the *Mizell* court was requested to play the "appellate guessing game" of determining whether a ruling on the suppression order adverse to that made by the district court would actually result in a different disposition of the case on remand. However, the appellate tribunal is not the only judicial body which must meet the challenge of dealing with the contingencies of its ruling. The district court as well becomes inextricably involved in the "result oriented intrigue" which emanates from a district court approved appeal based on conditional pleas. The *Mizell* decision succinctly summarized the district court's dilemma:

> If the sentencing Judge accepts the proposed conditional plea he has first to predict what the Court of Appeals will decide as to appealability of that particular case. This means that if, as is true here, his prediction of ap-

pealability is faulty because of action of the Court of Appeals, the whole plea and sentencing procedure is infected by an assurance given which either was not, or could not have been made good.

The court wisely refused to accept the proffered challenge and remanded the case to the district court 'with directions to permit Mizell to plead anew.

We concur completely with the court's observations in *Mizell.* Nevertheless, while recognizing the principled direction provided by *Mizell,* we feel that the tenets of that holding are not controlling here. We are not confronted here with a traditional *nolo contendere* or guilty plea. We do recognize the fact that subsequent to the not guilty pleas the appellants voluntarily and knowingly filed stipulations of fact with the advice of counsel which fully support the trial court's finding of guilt. Whatever legal description one wishes to attach to such a procedure, it may be argued that it is closely akin to a plea of *nolo contendere.* However, we need not decide the legal gender of the stipulations made below because even assuming that they amounted to a *nolo contendere* plea in effect, it is apparent to us that a strict interpretation of the *Mizell* holding does not preclude us from exercising our jurisdiction on the merits of this case.

*Mizell* discusses the difficulty of ascertaining the factual context of a search which would assure an intelligent resolution of a suppression issue. Where the court allows a conditional plea, the appellate court is often without the benefit of a developed and revealing record fully disclosing the facts which would have been supplied had a complete trial on the merits been conducted. Concomitantly, even assuming that a complete record is supplied on the non-jurisdictional issue presented, an appellate court may become embroiled in the "but for" guessing game condemned by the *Mizell* court. A review of the record here, however, establishes that neither of these difficulties are presented.

Here, a complete hearing was conducted in the district court on the suppression issue. The appellants then admitted by stipulation the truth of the facts proved at the hearing and other facts critical to a determination of guilt. We thus have the vital facts which are needed to determine the validity *vel non* of the district court's ruling on the motion to suppress as well as its finding of guilt.

In sum, we conclude that the facts here demonstrate that the exercise of our jurisdiction is proper in the instant case. The appellants insisted on their pleas of not guilty. The tenor of the proceedings in the district court clearly show that it was the duty and function of the court to make a determination of guilt based upon stipulated facts. The court afforded counsel an opportunity to argue the case and "to challenge anything that he [Government counsel] has said." Both counsel for appellants responded:

> MR. GILLESPIE: . . . I think your Honor has the stipulations before your Honor, and your Honor has heard the testimony from the motion to suppress, and anything I can say now would just be surplusage.

> MR. GARCIA: I would also adopt the position taken by Mr. Gillespie.

Our conclusion, however, does not detract from the duty of district courts, Government prosecutors and defense counsel to make certain that the product of their good faith negotiations do not contravene the proscriptions set forth in the *Sepe* and *Mizell* opinions.

## II

The appellants filed a motion to suppress evidence on the ground that the affidavit submitted in support of the Government's application for a search warrant before the magistrate, although stating probable cause, was not signed by the proper affiant as required by Rule 41 of the Federal Rules of Criminal Procedure. A suppression hearing was conducted at which time Thomas E. Robertson, a special agent with the Bureau of Narcotics and Dangerous Drugs, Jose Losoya, a San Antonio police officer on special assignment to the Drug Abuse Law Enforcement Office of the United States Department of Justice, and Magistrate John P. Giles, the presiding officer who issued the contested warrant, testified.

Robertson testified that he and Losoya submitted a request for a search warrant together with a supporting affidavit showing probable cause to Magistrate Giles on September 29, 1971. Even though the supporting affidavit was clearly made by Losoya, Magistrate Giles inadvertently requested Robertson to sign it. Losoya stated that Magistrate Giles asked about the validity of the affidavit's contents and both he and Robertson swore to its contents before the Magistrate. Questioned on why he did not advise Magistrate Giles that the affidavit was his and not that of Robertson, Losoya responded that he was under the misapprehension that since the search would occur outside the city limits of San Antonio, he did not have "jurisdiction" to conduct the search. Magistrate Giles stated that it was his practice to have all officers that appear before him to swear to the validity of any supporting affidavits.[1]

Appellants contend that the proscriptions of Rule 41 have been violated since technically speaking no affidavit

---

1. The formal application for the search warrant was sworn to by special agent Robertson. In the application is the following reference to the affidavit which should have been signed by Officer Losoya:

> See attached Affidavit of Jose C. Losoya, Officer of the San Antonio Police Department who is presently on special assignment to the Office for Drug Abuse Law Enforcement, U. S. Department of Justice. Said

Affidavit is incorporated herein for all purposes.

The search warrant issued by U. S. Magistrate Giles states in part:

> Affidavit having been made before me by Special Agent Thomas E. Robertson and S.A.P.D. [San Antonio Police Department] Officer Jose C. Losoya that he has reason to believe . . .

was submitted supporting the Government's application for a search warrant. It is clear that through the inadvertent directive of the presiding magistrate the affidavit was signed by Robertson even though it contained the averments of Losoya. The evidence shows that this technical flaw was not the result of any intentional misrepresentations on the part of the officers who sought the search warrant. Moreover, both Robertson *and Losoya* swore under oath that the contents of the affidavit were true and correct.

In these circumstances we perceive no fatal error in the proceedings which resulted in the issuance of the warrant. This is especially true since the evidence shows that Losoya swore to the validity of the affidavit before the presiding magistrate. ". . . [C]ourts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than common sense, manner." United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965). See also, United States v. Thomas, 489 F.2d 664 (5th Cir. 1973). *Cf.* United States v. One Olivetti Electric 10–Key Adding Machine, 406 F.2d 1167 (5th Cir. 1969); United States v. Meeks, 313 F.2d 464 (6th Cir. 1963); United States v. Averell, 296 F.Supp. 1004 (E.D.N.Y.1969).

Affirmed.

RIVES, Circuit Judge (specially concurring):

I concur in the result and in Part II of the opinion. As to Part I, on the threshold issue of whether this Court may properly exercise its appellate jurisdiction, I concur for reasons expressed in an opinion written by me in United States v. Caraway, 5 Cir. 1973, 474 F.2d 25, 28, but vacated as moot on rehearing en banc, 483 F.2d 215, under circumstances fully stated in the dissenting opinion, 483 F.2d 216–220. This Circuit's en banc declaration of policy in

United States v. Sepe, 5 Cir. 1973, 486 F.2d 1044, 1045, does not, in my opinion, preclude the present method of review where the defendant pleads not guilty but nontheless stipulates that the facts are as charged in the indictment. Compare United States v. Doyle, 2 Cir. 1965, 348 F.2d 715, 719.