CORTINAS, J.
We review a trial court order suppressing evidence on the ground that the officer did not sign the affidavit in support of the search warrant. Although the affidavit was not signed, it is undisputed that probable cause was shown by the officer swearing to the allegations in the affidavit under oath before the judge, initialing each of the pages of the affidavit, and also initialing *1181 each of the three pages of the search warrant.
Article I of the Florida Constitution sets forth a declaration of certain rights. Among these is the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. Art. I, § 12, Fla. Const. In order to protect this right, Article I, Section 12, of the Florida Constitution provides that:
No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court.
Art. I, § 12, Fla. Const.
The sentence, requiring this right to “be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court,” was added in a 1982 amendment to Article I, Section 12. The Commentary to this section details the history of the 1982 amendment as follows:
The exclusionary rule, which holds that evidence obtained in violation of a person’s right to be secure against unreasonable searches and seizures is inadmissible as evidence, was recognized by Florida courts in 1927, Gildrie v. State, 94 Fla. 134, 113 So. 704 (1927), and was first placed in the state constitution in its 1968 revision.
From the mid-1970’s to the early 1980’s, federal courts began developing a good faith exception to the exclusionary rule such that evidence could be admitted when an officer reasonably and in good faith believed the search or seizure was lawful. See, e.g., Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); Michigan v. DeFillippo, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979); United Staten v. Williams, 622 F.2d 830 (5th Cir.1980). In a series of state cases, Florida courts rejected the opportunity to adopt a good faith exception, finding that the citizens of Florida provided themselves with greater protection from governmental intrusion than that afforded by the federal constitution. State v. Sarmiento, 397 So.2d 643 (Fla.1981); Hoberman v. State, 400 So.2d 758 (Fla.1981). In response, the governor, attorney general, state prosecutors, and the law enforcement community supported a joint resolution in the 1982 Regular Session, which would have engrossed a good faith exception onto the constitutional exclusionary rule. Significant opposition precluded its passage in the regular session.
In Special Session H, the “conformity” language that was ultimately adopted was presented as a compromise and was approved for ballot placement. Opponents filed suit to enjoin the amendment from appearing on the ballot, asserting that the ballot summary was misleading and did not fully advise the electors of its effect. Grose v. Firestone, 422 So.2d 303 (Fla.1982). The Florida Supreme Court allowed the measure to remain on the ballot and it was adopted.
William A. Buzzett & Deborah K. Kear-ney, Commentary to 1982 Amendment, 25A, Fla. Stat. Ann., Art. I, § 12, Fla. Const. (2004).
Thus, prior to passage of the 1982 revisions to Article I, Section 12, Florida courts “were free to provide its citizens with a higher standard of protection from governmental intrusion than that afforded by the federal constitution.” State v. Lavazzoli, 434 So.2d 321, 323 (Fla.1983). *1182 With this amendment, however, Florida courts became bound to follow the interpretations of the United States Supreme Court with relation to the Fourth Amendment, and provide no greater protection than those interpretations. See State v. Butler, 655 So.2d 1123, 1125 (Fla.1995) (“This Court is bound, on search and seizure issues, to follow the opinions of the United States Supreme Court regardless of whether the claim of an illegal arrest or search is predicated upon the provisions of the Florida or United States Constitutions.”) (citations omitted); Bernie v. State, 524 So.2d 988, 992 (Fla.1988). Indeed, an exclusionary rule that was once constitutionally mandated in Florida can now be eliminated by judicial decision of the United States Supreme Court. Bernie, 524 So.2d at 990-91. We note that our Supreme Court has not addressed the post-1982 interplay of the above-quoted sentences in Article I, Section 12, where a search warrant was procured upon probable cause shown by an officer who swore to the allegations in the affidavit under oath before the judge, initialed each of the pages of the affidavit, and also initialed each of the three pages of the search warrant but did not sign the affidavit.
We are guided by the rule of statutory construction that all parts of a statute must be read together in order to achieve a consistent whole. Larimore v. State, 2 So.3d 101 (Fla.2008); Bush v. Holmes, 919 So.2d 392, 406-07 (Fla.2006); United Auto. Ins. Co. v. Salgado, — So.3d-(Fla. 3d DCA 2009). “Where possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.” Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992). While our colleague in dissent would have us exclusively focus our inquiry on the words “supported by affidavit,” we are required to construe the right against unreasonable searches and seizures “in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court.” Art. I, § 12, Fla. Const.
Our dissenting colleague inappropriately relies on State v. Tolmie, 421 So.2d 1087 (Fla. 4th DCA 1982), which was a 1982 case that was decided prior to the effective date of the 1982 amendment requiring Florida courts to follow the interpretations of the United States Supreme Court with relation to the Fourth Amendment. Unless otherwise stated, the effective date for an amendment to the Florida Constitution is the first Tuesday after the first Monday in January following the election. Art. XI, § 5(e), Fla. Const. Thus, Tolmie was decided prior to January 4, 1983, the effective date of the 1982 amendment, at a time that the Florida Constitution permitted Florida courts to more strictly interpret the Fourth Amendment and thus require that the failure to sign a search warrant affidavit was fatal. However, through a constitutional amendment approved by Florida voters, since January 4, 1983 to the present, that is no longer the law. Instead, as the Florida Supreme Court has held, “the 1982 amendment to article I, section 12, of the Florida Constitution brings this state’s search and seizure laws into conformity with all decisions of the United States Supreme Court rendered before and subsequent to the adoption of that amendment....” Bernie v. State, 524 So.2d at 992.
The Fourth Amendment to the United States Constitution provides as follows:
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, *1183 and particularly describing the place to be searched, and the persons or things to be seized.
U.S. Const, amend. IV.
In construing the Fourth Amendment, the United States Supreme Court has stated that “courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner.” United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); see United States v. Mendoza, 491 F.2d 534, 539 (5th Cir.1974). The Court has held that
[T]he Fourth Amendment’s commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court’s cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area.
Ventresca, 380 U.S. at 108, 85 S.Ct. 741 (emphasis added).
To argue that this holding is not binding on Florida courts after the approval of the 1982 amendment to our Constitution is to ignore the will of the people. The very first words of the Florida Constitution provide that “[a]ll political power is inherent in the people.” Art. I, § 1, Fla. Const. The people have spoken and required that, under our Constitution, the right against unreasonable searches and seizure “shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court.” Art. I, § 12, Fla. Const. Yet, our dissenting colleague would do precisely what the United States Supreme Court dictated should not be done, that is, invalidate the warrant by interpreting the affidavit in a “hypertechnical” manner despite the fact that the contents of the affidavit were sworn to under oath and each page initialed by the officer. Respectfully, the absence of a case that is identical to this one does not give judicial officers the authority to ignore the “teachings of the Court’s cases” and the clear dictate that “[t]echnical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area.” With respect to the issue of technical flaws in an affidavit, there is no doubt that the U.S. Supreme Court has clearly addressed and spoken on this issue. So clear are the Supreme Court’s teachings on this issue that there is not a single Federal case that would support the dissent’s view. Under our state constitution, we must adhere to the U.S. Supreme Court’s teachings and dictates.
The Fourth Amendment has been interpreted to require that probable cause must be supported by oath or affirmation, and not necessarily by an affidavit. See Whiteley v. Warden, 401 U.S. 560, 564, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); McGrain v. Daugherty, 273 U.S. 135, 158, 47 S.Ct. 319, 71 L.Ed. 580 (1927); Ex parte Burford, 7 U.S. 448, 451, 2 L.Ed. 495 (1806); see also Christofferson v. Washington, 393 U.S. 1090, 89 S.Ct. 855, 21 L.Ed.2d 783 (1969) (Brennan, J., dissenting). Language in these Supreme Court decisions has been relied upon to support the conclusion that the Fourth Amendment does not require sole reliance upon an affidavit, see United States ex rel. Gaugler v. Brierley, 477 F.2d 516, 522 (3d Cir.1973), and Federal Circuit Courts have held that “[t]he Fourth Amendment does not require that the ba *1184 sis for probable cause be established in a written affidavit.... ” United States v. Clyburn, 24 F.3d 613, 617 (4th Cir.1994).
In Mendoza,, the federal Fifth Circuit addressed a case analogous to the one before us where the search warrant affidavit was signed by a different officer than the one making the declarations in the affidavit. Stating it was following the United States Supreme Court’s interpretation of the Fourth Amendment, the court found that the technical deficiency was not fatal because both officers swore under oath that the contents of the affidavit were true and correct. The court, in Mendoza, held that courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense manner, quoting from the United States Supreme Court’s interpretation of the Fourth Amendment in Venlresca. Mendoza, 491 F.2d at 539. Similarly, in our case, the officer testified he swore to the allegations in the affidavit under oath before the judge and initialed each of the pages of the affidavit as well as initialed each of the three pages of the search warrant. Under the U.S. Supreme Court’s interpretation of the Fourth Amendment, it would be entirely unrealistic and lacking in common sense to find that the technical deficiency of failing to sign a document, the contents of which were sworn to under oath and initialed on each page, is fatal to the question of probable cause for the issuance of a search warrant.
Moreover, although the Florida Constitution provides that probable cause is to be “supported by affidavit,”[1] this requirement may also be satisfied by oath or affirmation under section 92.525, Florida Statutes, which provides, in pertinent part, as follows:
(1) When it is authorized or required by law, by rule of an administrative agency, or by rule or order of court that a document be verified by a person, the verification may be accomplished in the following manner:
(a) Under oath or affirmation taken or administered before an officer authorized under s. 92.50 to administer oaths
[[Image here]]
§ 92.525, Fla. Stat. (2007). The term “document” is further defined as “any writing including, without limitation, any form, application, claim, notice, tax return, inventory, affidavit, pleading, or paper.” § 92.525(4)(b), Fla. Stat. (2007) (emphasis added). Furthermore, in Florida:
Oaths, affidavits, and acknowledgments required or authorized under the laws of this state (except oaths to jurors and witnesses in court and such other oaths, affidavits and acknowledgments as are required by law to be taken or administered by or before particular officers) may be taken or administered by or before any judge, clerk, or deputy clerk of any court of record within this state, including federal courts, or before any United States commissioner or any notary public within this state. The jurat, or certificate of proof or acknowledgment, shall be authenticated by the signature and official seal of such officer or person taking or administering the same; however, when taken or administered before any judge, clerk, or deputy clerk of a *1185 court of record, the seal of such court may be affixed as the seal of such officer or person.
§ 92.50(1), Fla. Stat. (2007). Because section 92.525 provides that any document, which expressly includes an affidavit, requiring verification may be so verified by oath, and section 92.50(1) allows for such an oath to be taken or administered in front of any judge of any court of record before this state, we are satisfied that the affidavit at issue was sufficient to support the issuance of the warrant and the absence of a signature was not fatal.
The precise issue before us has been addressed by a Texas court in a case that is virtually identical to ours. In Smith v. State, 207 S.W.3d 787 (Tex.Crim.App.2006), the Court of Criminal Appeals of Texas examined the sufficiency of an unsigned affidavit written and presented by an officer to a district court judge in support of a search warrant. The officer in Smith set out all of the facts pertaining to his investigation in a probable cause affidavit and swore to them, but failed to actually sign the document. Id. at 788-89. As in Florida, Texas law specifically provides that “[a] sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested.” Id. at 790-91, n. 10; Tex.Code Crim. Proc. Ann. Art.l8.01(b). Nevertheless, after examining evidence of the officer swearing to the affidavit, the court upheld the validity of the affidavit and found that:
Although the affiant’s signature on an affidavit serves as an important memori-alization of the officer’s act of swearing before the magistrate, it is that act of swearing, not the signature itself, that is essential. It is important too, that the law retain some flexibility in the face of technological advances. For example the federal courts and some state courts, now permit telephonic search warrants, and one can foresee the day in which search warrants might be obtained via email or a recorded video conference with a magistrate located many miles away. In a state as large as Texas, such innovations should not be foreclosed by the requirement of a signed affidavit if the officer’s oath can be memorialized by other, equally satisfactory, means. We leave those potential future changes to the Texas Legislature, but we should not stand in the way of the future by declaring that all affidavits, which are properly sworn to but unsigned, are necessarily invalid. That is not to condone carelessness or sloppiness in either police procedure or judicial oversight. Forgetfulness or carelessness in the formalities of-an affidavit may well indicate to either the issuing magistrate or the reviewing court that the officer is forgetful or careless in his factual statements as well. Such forgetfulness may affect the credibility of the officer, but that is a matter for magistrates and trial courts. It is sufficient for today to simply conclude that an affiant’s failure to sign his affidavit is not necessarily fatal if it can be proved by other means that he did swear to the facts contained within that affidavit before the magistrate.
Id. at 792-93. We agree with the reasoning of the Smith court and find it persuasive as to the matter before us.
Following Article I, Section 12, of the Florida Constitution, we find that, in conformity with the Fourth Amendment to the United States Constitution, as interpreted by the U.S. Supreme Court, it was error for the trial court to suppress the evidence. Thus, we find that the trial court erred in finding the lack of signature on the affidavit to be a fatal error and suppressing the evidence as a result.
Reversed and remanded.
LAGOA, J., concurs.

. Wc nole that section 22 of the Declaration of Rights of the Florida Constitution of 1885, as amended, like the Fourth Amendment to the United States Constitution, formerly provided that the warrant for search and seizure be supported by “oath or affirmation.” When the Florida Constitution was revised in 1968, the present language of Article I, section 12 was modified to state that a warrant for search and seizure is to be "supported by affidavit.”