# Third District Court of Appeal

## State of Florida

Opinion filed September 7, 2016.

_____

No. 3D14-2695
Lower Tribunal No. 13-39642

_____

**Patrick Germer,**
Appellant,

vs.

**The Churchill Downs Management, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Lindsey M. Tenberg, P.A., and Lindsey M. Tenberg (Lighthouse Point), for appellant.

Hinshaw & Culbertson LLP, and James H. Wyman, for appellees.

Before SHEPHERD, LAGOA and SCALES, JJ.

### On Motion for Rehearing

SCALES, J.

We deny Appellant Patrick Germer's motion for rehearing. We withdraw our prior opinion of July 13, 2016, and substitute the following opinion for that previously issued.

Appellant, plaintiff below, Patrick Germer appeals a summary judgment entered by the trial court in favor of Appellees, defendants below, Pinecrest Stables, Inc., Parsons Pinecrest Farm, Inc., Santa Cruz Ranch, Inc., and Juan Pedro Rizo Patron (collectively "Defendants"). We affirm because Florida's Equine Activities Liability Act (the "Act") immunizes Defendants for the injuries occasioned by a horse that bit Germer while Germer was engaged in an equine activity.

**I. Facts**

On September 26, 2012, Germer, a former licensed jockey, and his roommate Tomislav Zivanovich decided to visit Calder Race Course in Miami Gardens, Florida to see Zivanovich's horse. Because Germer's jockey license had expired, Germer was required to obtain a guest pass in order to enter the stables. While Germer was en route through the barn to see Zivanovich's horse, another horse named Forever Happy jumped out of his stall and bit Germer's chest.

Approximately a year and a half later on December 27, 2013, Germer filed suit against the owners of the stables and the owner of Forever Happy, alleging that Defendants were negligent in allowing Forever Happy to bite Germer. Defendants

filed a motion for summary judgment, alleging that the Act, codified in chapter 773 of the Florida Statutes, immunized Defendants from any liability to Germer. Defendants' motion asserted that Germer was a "participant engaged in an equine activity" and, therefore, pursuant to section 773.02 of the Florida Statutes, was statutorily precluded from recovering damages. After conducting a hearing, the trial court held that the Act immunized Defendants, and entered a final summary judgment in favor of Defendants from which Germer takes this timely appeal.

## II. Analysis[1]

### A. *The Act's relevant provisions*

The operative immunity provision of the Act is codified in section 773.02 of the Florida Statutes, which reads, in relevant part, as follows:

> Except as provided in s. 773.03, an equine activity sponsor, an equine professional, or any other person, which shall include a corporation or partnership, shall not be liable for an injury to . . . a participant resulting from the inherent risks of equine activities and, except as provided in s. 773.03, no participant . . . shall have any claim against or recover from any equine activity sponsor, equine professional, or any other person for injury . . . of the participant resulting from any of the inherent risks of equine activities.

The Act defines a "participant" as ". . . any person, whether amateur or professional, who engages in . . . an equine activity, whether or not a fee is paid to

---

[1] We review the trial court's grant of summary judgment de novo. Quarantello v. Leroy, 997 So. 2d 648, 651 (Fla. 5th DCA 2008).

3

participate in the equine activity." § 773.01(7), Fla. Stat. (2012). The Act specifically defines "engages in an equine activity" as

> riding, training, assisting in veterinary treatment of, driving, or being a passenger upon an equine, whether mounted or unmounted, *visiting or touring* or utilizing *an equine facility as part of an organized event or activity*, or any person assisting a participant or show management. The term "engages in an equine activity" does not include being a spectator at an equine activity, except in cases where a spectator places himself or herself in an unauthorized area.

§ 773.01(1), Fla. Stat. (2012). (emphasis added)

### B.  *The issue on appeal*

The critical, indeed dispositive, issue in this case is whether Germer was "visiting an equine facility as part of an organized event or activity" when he was bitten by Forever Happy. If, as Defendants argue and as the trial court held, Germer was engaged in such an organized event or activity, then Germer was a "participant engaged in an equine activity" and Defendants are statutorily immunized from Germer's claim for personal injuries. § 773.02, Fla. Stat. (2012).

### C.  *The parties' respective arguments*

Germer argues that his visit to the stables did not constitute an organized activity or event because Germer's decision to visit the stables with his roommate was made on the spur of the moment and was not coordinated with the stable owners prior to the visit. Defendants argue that Germer's visit was "organized" by Zivanovich, an owner of a horse housed at the stables. Defendants further argue

4

that the stable's requirement that all guests obtain a guest pass prior to entering the horse barn – combined with the statutorily required warning posted at the stable[2] – constitutes the requisite "organization" so as to immunize Defendants from Germer's personal injury claims.

### D. *Legislative intent*

While the Legislature meticulously defined virtually every other operative term in chapter 773, the statute does not provide a definition for "organized event or activity." Therefore, we are called upon to construe the provision, consistent with the Act's legislative intent. Bautista v. State, 863 So. 2d 1180, 1185 (Fla. 2003).

In order to ascertain legislative intent, we look at the statutory scheme, as a whole, and interpret the specific provision consistent with the theme evidenced by its statutory structure. State v. Moreno-Gonzalez, 18 So. 3d 1180, 1182 (Fla. 3d DCA 2009) (stating that courts are "guided by the rule of statutory construction

---

[2] In order for an equine facility to avail itself of section 773.02's exculpation, the Act requires the posting of the following warning notice:

**WARNING**

Under Florida law, an equine activity sponsor or equine professional is not liable for an injury to, or the death of, a participant in equine activities resulting from the inherent risks of equine activities.

§ 773.04(2), Fla. Stat. (2012).

that all parts of a statute must be read together in order to achieve a consistent whole.").

Plainly, the Act's general intent is to limit the liability of Florida's equine facilities for injuries resulting from inherent risks associated with equine activities. To effectuate this intent, the Legislature broadly defined those activities constituting an equine activity. Indeed, the Legislature carved out only one specific exception from this broad definition, i.e., spectators in an authorized area. § 773.01(1), Fla. Stat. (2012). See Thayer v. State, 335 So. 2d 815, 817 (Fla. 1976) (conveying intent pursuant to the principle of statutory construction, expressio unius est exclusio alterius, "the mention of one thing implies the exclusion of another"). Thus, against this backdrop, we interpret the phrase "as part of an organized event or activity" consistent with the Legislature's overall intent to limit the liability of equine facilities for injuries resulting from risks associated with horses.

### E. *Statutory application*

In this case, Defendants' equine facility maintained an internal policy that required security passes in order to access the stable areas where Germer's injury occurred. The record in this case plainly establishes that, in order for Germer to have gained access to this area, Germer had to be issued a paper visitor's pass by the stable's security personnel.

Put another way, in order for Germer to have gained access to the area where his injury occurred, Germer had to jump over an established hurdle. In our view, the creation and existence of such a protocol constituted the requisite "organization" so as to make Germer's visit to the stables "an organized activity" as defined in section 773.01(1) of the Florida Statutes.

### III. Conclusion

Therefore, we agree with the trial court's analysis of the uncontested facts of this case and its determination that the Act immunizes Defendants from any liability resulting from Germer's horse bite.[3]

Affirmed.

---

[3] If, as here, the Act's immunity provisions apply to exculpate an equine activity sponsor, a claimant is saddled with the burden of establishing an applicable exception to exculpation under section 773.03(2). Germer makes the alternate argument that a factual dispute exists as to whether any of the exceptions to section 773.02 articulated in section 773.03(2)(a)-(e) apply. Without further discussion, we affirm the trial court's determination that no genuine issue of material fact exists and none of the exceptions to section 773.02 apply to this case.