No. 85,471

IN THE MATTER OF THE CARE AND TREATMENT OF
CLAYTON E. SAATHOFF, *Respondent/Appellant.*
(32 P.3d 1173)

Opinion filed
October 19, 2001.

*Carl E. Cornwell*, of Cornwell & Erickson, of Overland Park, argued the cause, and *Bob L. Thomas*, of the same firm, was with him on the brief for appellant.

*W. Scott Toth*, special assistant attorney general, argued the cause, and *Brenda M. Cameron*, assistant attorney general, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: Clayton E. Saathoff appeals the district court's finding that he is a sexually violent predator in spite of his admission to the trial court by stipulation that he is a sexually violent predator under the provisions of K.S.A. 59-29a01 *et. seq.* Based upon his admission and acquiescence in the judgment he appeals, we have no jurisdiction and dismiss his appeal.

On January 27, 2000, the State filed a petition in Johnson County District Court pursuant to the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 *et seq.*, alleging the respondent was a sexually violent predator. A probable cause hearing was held pursuant to K.S.A. 59-29a05, and the district court determined there was probable cause to believe the respondent was a sexually violent predator and ordered the respondent to be evaluated at Larned State Security Hospital (Larned). The evaluation from Larned indicated the respondent was not a sexually violent predator.

Following the negative evaluation at Larned, the State hired its own expert to review the case and to evaluate the respondent. The State's expert found the respondent fit the criteria of the statute but wanted to interview the respondent. The respondent filed a

motion for an injunction, asking the trial court to prevent the State from requiring the respondent to submit to an evaluation by the State's expert. The respondent also filed a motion for summary judgment that as a matter of law he was not a sexually violent predator based upon the Larned evaluation. The respondent argued the Larned evaluation was the only competent evidence the trial court should consider.

In a journal entry dated May 3, 2000, and filed July 27, 2000, the court denied the respondent's motion for injunction, motion for summary judgment, and motion for release on house arrest. In an attempt to appeal the issue of whether the State may require the respondent to submit to an evaluation by an additional State expert after the initial Larned evaluation resulted in a negative determination, the respondent entered into a consent decree and stipulation that he "is a sexually violent predator as set out in K.S.A. 59-29a01 *et seq.*"

On June 30, 2000, the respondent filed a notice of appeal regarding the trial court's entry of summary judgment of May 3, 2000. The Court of Appeals issued a show cause order asking the parties to respond to the questions of whether the case was final and whether the respondent had acquiesced in the judgment, making the appeal moot. The State responded, stating the order was final and the appeal was not moot. The respondent, likely anticipating the disadvantages of having signed the consent decree, agreed the appeal should be dismissed and the case returned to the trial court. The Court of Appeals retained jurisdiction. The case was then transferred to this court pursuant to K.S.A. 20-3018(c).

The respondent's consent and stipulation that he is a sexually violent predator amounts to his acquiescence in the judgment entered. We conclude that this appeal should be dismissed based upon the rule that a party is bound by a judgment entered on stipulation or consent and may not appeal from a judgment in which he or she has acquiesced. *In re Sandstrom*, 224 Kan. 293, 298, 580 P.2d 1310 (1978).

In its response to the Court of Appeals' show cause order, the respondent argued that he fit within an exception to the general rule in *Sandstrom* that a party may not appeal from a judgment in

which he or she has acquiesced. The exception relates to questions regarding the subject matter jurisdiction, which according to *In re Miller*, 228 Kan. 606, 608, 620 P.2d 800 (1980), is reviewable on appeal. However, the respondent did not question the jurisdiction of the trial court. His position was that the trial court did have jurisdiction and should have found for him as a matter of law because the State had no evidence that he was a sexually violent predator. Thus, the respondent's attempted appeal fails based upon his stipulation and the consent decree that he "is a sexually violent predator as set out in K.S.A. 59-29a01 *et seq.*"

Appeal dismissed.