# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-51269

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NOE GARCIA-RUIZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before JONES, Chief Judge, GARWOOD and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Noe Garcia-Ruiz appeals his conviction on the ground that the district court erred in denying his motion to suppress. We affirm.

## I.

Garcia-Ruiz was charged with reentry into the United States as a deported alien in violation of 8 U.S.C. § 1326(1). Gary Rose, a deputy sheriff, stopped, detained, and turned Garcia-Ruiz over to Border Patrol agents in Sierra Blanca, Texas, a small town thirty miles from the Texas-Mexico border. It is also about four miles from the Sierra Blanca checkpoint on Interstate 10, which is used to

detect illegal aliens, who had previously used the town and the surrounding area to circumvent the checkpoint.

David Arnold, a resident of Sierra Blanca, called the sheriff's office to report that he had "two illegals by his residence." Rose, who knew Arnold personally, proceeded to Arnold's trailer to investigate the call. When he arrived, Arnold's car was not near his trailer, and Rose quickly found Arnold driving on another street, following two men, one of whom was Garcia-Ruiz. Arnold pointed to the two men, and Rose pulled up behind them.

Rose had an intimate knowledge of Sierra Blanca, purporting to know all of its residents, and did not recognize the men. He asked them in English about their activities and identification but received no response. He asked the same questions in Spanish, to which the men responded that they had no identification and were coming from Mexico. Rose told them to get into his patrol truck and turned them over to Border Patrol agents at the sheriff's office.

## II.

Garcia-Ruiz filed a motion to suppress all evidence obtained as a result of his detention and subsequent arrest, contending that under Terry v. Ohio, 392 U.S. 1 (1968), Rose lacked reasonable suspicion when he stopped and detained Garcia-Ruiz. The court disagreed, finding that Rose had reasonable suspicion to initiate a Terry stop and to seize Garcia-Ruiz.

Garcia-Ruiz waived his right to a jury trial and agreed to a trial based on the following stipulated facts:

> (1) that [Garcia-Ruiz] is a native and citizen of Mexico and his Alien Registration Number is A 98 561 955; (2) that [Garcia-Ruiz] was removed from the United States to Mexico on or about November 25, 2005, through El Paso, Texas; that Defendant agrees he is the same

2

person who was removed from the United States on or about November 25, 2005; (3) that on April 5, 2007, [Garcia-Ruiz] was found by [Rose] in Sierra Blanca, Texas, located in the Western District of Texas; (4) that between November 25, 2005, and April 5, 2007, [Garcia-Ruiz] had not received the consent of the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission into the United States.

The district court held that the government, through the stipulated facts, had proven Garcia-Ruiz guilty of illegal reentry by a deported alien under § 1326(1).

## III.

Garcia-Ruiz appeals the denial of his motion to suppress. We need not decide whether the court erred, however, because, even if, arguendo, the district court erred in its ruling, the error is rendered harmless by the fact that Garcia-Ruiz stipulated to facts that easily established his conviction beyond a reasonable doubt, as the district court found.

To convict Garcia-Ruiz under § 1326(1), the government needed to prove beyond a reasonable doubt that he was an alien at the time of the indictment, that he had previously been removed from the United States, that he was found in the United States after his removal, and that he had not received the consent of the Attorney General or Secretary of Homeland Security. Garcia-Ruiz stipulated to all those facts, and he and his attorney signed the stipulations and a waiver of jury trial. With such stipulations in place, any decision by this court regarding the suppression hearing could not affect Garcia-Ruiz's posture in the district court, because he stipulated to the elements needed for conviction. Thus, when Garcia-Ruiz and the government agreed to the stipulated facts that established all the elements of the offense, any error on the suppression issue

would have no effect on the legal soundness of the conviction. In other words, to establish Garcia-Ruiz's guilt, the government no longer needed the evidence he claims should have been suppressed.

Garcia-Ruiz contends that earlier decisions of this court hold that an appeal on a suppression issue can be heard even after a stipulation to all the elements of a charged offense. He cites United States v. Troop, 514 F.3d 405 (5th Cir. 2008), United States v. Washington, 340 F.3d 222 (5th Cir. 2003), and United States v. Head, 693 F.2d 353 (5th Cir. 1982), for the proposition that this court has heard suppression appeals after similar trials on stipulated facts. Although it is true that in those cases we reached the merits of the suppression motion, none of the cases cited or any other decision of this court explicitly holds that the merits of an earlier suppression hearing can be examined despite the defendant's having stipulated to all the elements. Instead, the three decisions lack any discussion of mootness and do not support Garcia-Ruiz's contention that his appeal is a live controversy.[1]

The more relevant precedent is United States v. Mendoza, 491 F.2d 534 (5th Cir. 1974), in which we also examined the merits of a suppression hearing on appeal from a trial on stipulated facts. There, the defendants lost a motion

---

[1] The failure of the earlier panels, in the cases Garcia-Ruiz cites, to discuss mootness does not yield an implication that those panels decided the cases were not moot, and we are not bound by any sub silentio determinations there. More specifically, in Troop, there is no indication whether the defendant agreed to the stipulation without reserving his right to complain of the suppression ruling. Nor did the Troop panel expressly discuss or indicate whether such a reservation is required to avoid forfeiture or waiver of the suppression issue.

Indeed, Garcia-Ruiz's decision to go to trial on stipulated facts can be viewed as waiver as an alternate ground to harmless error. Moreover, in an unpublished opinion, a panel of this court viewed the question as one of mootness. See United States v. Ramos-Flores, 233 F. App'x 347, 349 (5th Cir. 2007) (per curiam), cert. denied, 128 S. Ct. 872 (2008). We decline to follow that option, though it would not change the result.

to suppress, pleaded not guilty, and "stipulated all the essential facts necessary for their conviction." Id. at 535-36. Despite that stipulation, we allowed the appeal on the merits of the suppression motion, but only because defendants "did not withdraw their pleas of not guilty, and sought to expressly reserve their right to appeal from the order denying the motion to suppress." Id. at 536 (emphasis added). Garcia-Ruiz did not reserve such a right to appeal when he stipulated to the facts.

The judgment of conviction is AFFIRMED.