No. 102,210

STATE OF KANSAS, *Appellee*, v. MICHAEL J. KELLY, JR., *Appellant*.
(285 P.3d 1026)

Opinion filed September 28, 2012.

*Rick Kittel*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: Recently, in *State v. Bogguess*, 293 Kan. 743, 268 P.3d 481 (2012), this court held that the lack of an objection during a bench trial that consisted solely of stipulated facts did not preclude appellate review of the pretrial denial of a defendant's motion to suppress. We explained that "when the bench trial is conducted by the same judge who presided over the hearing on the motion to suppress, there is no reason to rehash the same arguments when no additional evidence has been presented." *Bogguess*, 293 Kan. at 747.

This case raises the question of whether the *Bogguess* holding applies when the bench trial is conducted by a different judge than the one who made the pretrial suppression ruling. We conclude that having more than one judge involved in the proceedings does not alter the two-fold rationale of the decision in *Bogguess*. First, a defendant's stipulation to facts for the purpose of a bench trial precludes a defendant from asking the trial judge to ignore—in other words, suppress—evidence that a defendant has agreed can

be admitted and considered. Second, because the case is tried solely on stipulated facts there will be no new evidence or arguments submitted that might change the ruling on the motion to suppress. Consequently, there is no legal or factual basis to revisit the suppression issue.

In this case, the defendant's objection to evidence was preserved, and the Court of Appeals erred in concluding it was not.

## FACTUAL AND PROCEDURAL BACKGROUND

Michael J. Kelly, Jr., appeals from his convictions of possession of cocaine, a severity level 4 drug offense, and possession of marijuana, a class A nonperson misdemeanor.

Before trial, Kelly filed a motion to suppress the drug evidence, arguing the drugs were seized during an unlawful traffic stop. A district judge conducted an evidentiary hearing and denied Kelly's motion.

After the district judge ruled, Kelly waived his right to a jury trial. Kelly's case then proceeded to a bench trial before a different district judge than the one who had denied Kelly's motion to suppress. At the bench trial, the parties stipulated to the admission of a laboratory report and an affidavit of a detective who investigated the case. The detective recited details of the traffic officer's arrest report, noting that Kelly had been stopped for failing to signal and had been arrested when he told the traffic officer his driver's license was suspended. A search incident to arrest revealed substances in Kelly's pockets that the traffic officer suspected were marijuana and cocaine. The laboratory report confirmed the suspicion. No evidence other than the laboratory report and the affidavit was admitted.

The trial judge stated that he had "review[ed] the content of the court file" but did not specifically mention the motion to suppress. Kelly did not mention the motion either and did not state any objections to the judge's consideration of the evidence. The trial judge found the evidence sufficient to convict Kelly as charged.

Kelly appealed his convictions, and the Court of Appeals summarily affirmed under Supreme Court Rule 7.041 (2011 Kan. Ct. R. Annot. 59). The Court of Appeals concluded Kelly's challenge

was procedurally deficient under *State v. King*, 288 Kan. 333, 204 P.3d 585 (2009), due to a lack of an objection as required by K.S.A. 60-404.

Kelly sought this court's review of the Court of Appeals' decision, arguing K.S.A. 60-404 only requires a "timely" objection and he timely objected by filing a motion to suppress. According to Kelly, a subsequent objection during trial was unnecessary because the issue of guilt was submitted to the trial judge on the basis of stipulated facts. In other words, there was no new evidence relating to the suppression issues and no opportunity for the trial judge to hear anything that would cause the pretrial ruling to change.

This court accepted review and has jurisdiction under K.S.A. 20-3018(b) and K.S.A. 22-3602(e).

## ANALYSIS

This court's decision in *King*, 288 Kan. 333, which served as the basis of the Court of Appeals' summary affirmation of Kelly's convictions, considered the application of K.S.A. 60-404, which states:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

Although the statute is worded in terms of an objection that is "timely interposed," caselaw frequently uses the term "contemporaneous objection" to describe the preservation requirement. In *King*, using the term "contemporaneous-objection rule" to refer to K.S.A. 60-404, we explained the purpose of the rule, stating:

"[T]he objection requirement is a 'salutary procedural tool' that gives the district court 'the opportunity to conduct the trial without using . . . tainted evidence, and thus avoid possible reversal and a new trial.' [This court has] . . . noted that the contemporaneous-objection requirement is 'practically one of necessity if litigation is ever to be brought to an end.' [Citation omitted.]" *King*, 288 Kan. at 342.

Other statutory provisions are also aimed at reducing the risk of presenting tainted evidence at trial. One of these provisions, K.S.A. 22-3216(3), is particularly relevant in this case. K.S.A. 22-3216(3) provides that a motion to suppress illegally seized evidence "shall be made before trial, in the court having jurisdiction to try the

case, unless opportunity therefor did not exist or the defendant was not aware of the ground for the motion, but the court in its discretion may entertain the motion at the trial." In considering the motion to suppress illegally seized evidence, the "judge shall receive evidence on any issue of fact necessary to determine the motion." K.S.A. 22-3216(2).

We have not viewed the requirements of K.S.A. 60-404 and K.S.A. 22-3216 as mutually exclusive. This court has generally treated motions to suppress like other preliminary or in limine orders and held that an objection must also be made at trial in order to satisfy the requirements of K.S.A. 60-404, even though a pretrial ruling has been obtained. *E.g., State v. Houston*, 289 Kan. 252, 270-71, 213 P.3d 728 (2009).

In *Houston*, we explained the reasons for requiring an objection at trial, stating, in part:

"Among other advantages, this holding allows a court to rule on the evidence before trial, but after hearing how the evidence unfolds during trial, allows the court to be prepared—after timely trial objection—to reconsider its original ruling. *Cf. Luce v. United States*, 469 U.S. 38, 41-42, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984) (in limine ruling 'is subject to change when the case unfolds')." *Houston*, 289 Kan. at 270.

We have also explained that a pretrial ruling is not sufficient because the "materiality of the proposed evidence may not become actually apparent until other evidence has been admitted." *State v. Nunn*, 244 Kan. 207, 213, 768 P.2d 268 (1989); but see *State v. Hollingsworth*, 289 Kan. 1250, 1260-61, 221 P.3d 1122 (2009) (Johnson, J., dissenting) (noting that K.S.A. 60-404 does not require a defendant to renew an objection at trial). In other words, a pretrial objection by itself is not timely because the evidence may be different from that submitted at the pretrial hearing or the evidence may be viewed differently by the judge in the context of all of the evidence and argument heard at trial.

As we explained in more detail in *Bogguess*, this court had not previously considered whether these same considerations apply when a case is tried on stipulated facts to a judge. We concluded they did not. In doing so, we explained that when a case is tried solely on stipulated facts, there is no basis for the judge to recon-

sider a pretrial ruling because the defendant has waived the right to dispute the evidence. *Bogguess*, 293 Kan. at 745 (citing *State v. Downey*, 27 Kan. App. 2d 350, 359, 2 P.3d 191, *rev. denied* 269 Kan. 936 [2000]). Hence, the trial judge does not have the opportunity to reconsider the pretrial ruling. Additionally, because no witness testifies, the evidence will not unfold in a manner different from that already considered. In essence, the record at the time of the threshold consideration is the only record that will be made on the issue. As a result, requiring a trial objection would be futile, and the pretrial objection is a timely interposed objection that is sufficient to preserve the issue for appeal under K.S.A. 60-404. *Bogguess*, 293 Kan. at 747.

At oral argument, the State recognized the recent holding in *Bogguess* but argued we should not extend the holding beyond the facts in that case or those in *State v. Bastian*, 37 Kan. App. 2d 156, 150 P.3d 912 (2007), in which the Court of Appeals had reached the same holding as this court reached in *Bogguess*. There are three potential distinctions between *Bogguess*, *Bastian*, and this case: (1) in *Bogguess* and *Bastian*, one judge presided over both the pretrial motion to suppress and the trial as compared to this case where a different judge handled each stage; (2) Bogguess' counsel explicitly mentioned a desire to appeal as a reason Bogguess was waiving the right to trial by jury, but Kelly's counsel did not; and (3) at sentencing, Bogguess' counsel mentioned the plan to appeal the suppression ruling, but Kelly's counsel did not. We conclude none of these differences are significant to the holding in *Bogguess* or *Bastian* or to the rationale supporting the holding.

First, having more than one judge involved does not change the fact that a trial judge considering stipulated facts does not have the opportunity to reconsider a pretrial suppression ruling. A defendant's stipulation precludes a defendant from asking the trial judge to suppress evidence because a defendant has agreed the evidence can be admitted and considered. *Bogguess*, 293 Kan. at 745; *Downey*, 27 Kan. App. 2d at 359. As a result, a trial objection would be unnecessary—as opposed to being timely interposed as required by K.S.A. 60-404—because it would contradict the stipulation.

The second difference between *Bogguess* and this case is that Bogguess' counsel specifically stated that Bogguess did not want to put the victim's family through a trial but wanted to appeal. Because the same judge presided over all the proceedings in *Bogguess*, the judge was aware of these statements. In contrast, in Kelly's case, immediately after a district judge denied Kelly's pretrial suppression motion, Kelly's counsel advised the judge that she had told the prosecutor before the suppression hearing that "if the Motion to Suppress was not successful, that we intended to waive the jury trial." Kelly's counsel then asked the district judge to make a record of the waiver and to set the matter for bench trial. Counsel did not mention a plan to appeal.

The differences in the statements made by Bogguess' counsel as opposed to those made by Kelly's counsel are not significant to our analysis. It is not necessary to make an announcement during trial that an appeal is planned in order to preserve a right to appeal an issue. Moreover, while Kelly's counsel could have announced this intent at trial, counsel still could not have asked the trial judge to suppress the evidence after Kelly had stipulated to its consideration. Further, there is no indication anyone was misled as to the purpose of the proceeding or the intent to preserve appellate rights.

Kelly, like Bogguess and innumerable other defendants proceeding to trial on stipulated facts, understood a conviction was almost certain. Yet, electing to have a bench trial preserved Kelly's right to appeal the motion to suppress and any other legal issues without a jury trial. In contrast, had Kelly waived his right to a jury trial by entering a guilty or no contest plea, he would have waived his right to appeal most issues relating to his convictions, including the suppression issues. See K.S.A. 2011 Supp. 22-3602(a) ("No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or *nolo contendere*, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507."). Because of the limitations on the right to appeal imposed by K.S.A. 2011 Supp. 22-3602(a), exercising a right to a bench trial on stipulated facts is commonly understood to be a mechanism to preserve

legal issues for appeal in a situation where there are no factual defenses or, at least, no factual defenses that are likely to succeed. Given the foreseeability of conviction, a defendant makes the decision to forego the expense and rigors of a jury trial while preserving legal issues for appeal. Ironically, the Court of Appeals' decision in this case exposes Kelly to additional costs and burdens by setting up the scenario where Kelly will be required to pursue a K.S.A. 60-1507 claim of ineffective assistance of counsel for failing to preserve the suppression issue and then pursue the legal issue. These additional burdens are not required by K.S.A. 60-404 where a timely objection had been made and the purpose of the procedure was understood.

The final difference between *Bogguess* and this case relates to statements made or not made at the time of sentencing. At Bogguess' sentencing hearing, his counsel stated, "I would just like to reiterate our objection to the inclusion of his statements in any of the Court's decision making." *Bogguess*, 293 Kan. at 745. Counsel again stated he was trying to preserve the motion to suppress. In contrast, at Kelly's sentencing hearing, his counsel did not make a similar statement. The sentencing judge in this case, who was a different judge than the one who heard the motion to suppress or the one who conducted the trial, stated: "[Y]ou had a bench trial in this case and there are some appeal rights that you have that are your right to pursue if you wish." This review of rights was generic, however, and not specifically tied to the suppression issue as it was at Bogguess' hearing.

Again, however, this procedural difference is not relevant to the reasons we have held the objection need not be restated at trial. Granted, we have considered posttrial motions timely in some circumstances. For example, in *State v. Gordon*, 219 Kan. 643, 652, 549 P.2d 886 (1976), *superseded by statute on other grounds as stated in State v. Murry*, 271 Kan. 223, 21 P.3d 528 (2001), we concluded an objection stated after a bench trial but before the judge had ruled was timely interposed because "the spirit if not the letter of the contemporaneous objection rule was satisfied." In *Bogguess'* case, however, the trial court had found him guilty before the objection was restated at the sentencing hearing. Conse-

quently, an objection to trial evidence stated at sentencing was not timely.

In summary, there is no persuasive basis to reach a result in this case that differs from the result in *Bogguess*. Consequently, we hold that Kelly timely interposed an objection to the admission of evidence by filing a pretrial motion to suppress illegally obtained evidence, and in doing so he satisfied the requirements of K.S.A. 60-404 despite his failure to reiterate the basis of his motion during the bench trial on stipulated facts. Consequently, we reverse the Court of Appeals' decision to summarily affirm Kelly's convictions. We remand Kelly's appeal to the Court of Appeals for consideration of whether the district judge erred in denying his motion to suppress.

Reversed and remanded to the Court of Appeals with directions.

\* \* \*

NUSS, C.J., dissenting: I respectfully dissent. For more than 100 years Kansas appellate courts have required timely and specific objections to the admission of evidence. See *Brumbaugh v. Schmidt*, 9 Kan. 117, 119 (1872) ("An objection was made at the time of the taking of the depositions, but was not brought to the attention of the court, and is therefore deemed to have been waived."); *Ogden v. Walters*, 12 Kan. 282, 291 (1873) (because evidentiary objections on appeal were different than those made at trial, "we shall entertain no such objection made for the first time now").

K.S.A. 60-404 is a codification of this caselaw. *State v. Freeman*, 195 Kan. 561, 564, 408 P.2d 612 (1965), *cert. denied* 384 U.S. 1025 (1966). The statute's rule of "contemporaneous objection" serves two primary purposes. 195 Kan. at 564. First, it gives the trial court the opportunity to conduct the trial without using the tainted evidence, and thus avoid possible reversal and a new trial. *State v. King*, 288 Kan. 333, 342, 204 P.3d 585 (2009). Second, it preserves the issue on appeal. *Freeman*, 195 Kan. at 564 ("As a corollary to the [contemporaneous objection] rule, objections to the admissibility of evidence will not for the first time be considered on appeal."). As the *Freeman* court described these two purposes of the

requirement: "The rule is a salutary procedural tool serving as a valuable aid in the orderly disposition of cases at the trial level. It also has a legitimate purpose in the appellate court, whose function is that of review rather than trial *de novo*." 195 Kan. at 564.

Because of the contemporaneous objection rule, for years our caselaw has also required that after denial of a pretrial motion to suppress, the moving party must still object to introduction of the evidence at trial to preserve the issue for appeal. *State v. Houston*, 289 Kan. 252, 270, 213 P.3d 728 (2009). Per this requirement, Kansas courts have rejected a party's claim of compliance with the contemporaneous objection rule and refused appellate review when the objection was renewed just before the jury was sworn (*State v. Jones*, 267 Kan. 627, 637-38, 984 P.2d 132 [1999], abrogated by *State v. Deal*, 293 Kan. 872, 269 P.3d 1282 [2012]) and when renewed as the State rested its case (*State v. Daniels*, 28 Kan. App. 2d 364, 369, 17 P.3d 373 [2000], *rev. denied* 272 Kan. 1420 [2001]).

Similarly, for years our court even has required that a party who has obtained an in limine order excluding evidence nevertheless must still object at trial to an opponent's efforts to violate the order and introduce that prohibited evidence. Otherwise, the issue is not preserved for appeal. *State v. Moncla*, 262 Kan. 58, 66, 936 P.2d 727 (1997) (based upon contemporaneous objection rule of K.S.A. 60-404); see *State v. Miller*, 293 Kan. 535, 549, 264 P.3d 461 (2011).

With this historic background of generally requiring strict compliance with the contemporaneous objection rule, we proceed to Kelly's stairstep progression: (1) filing a motion to suppress evidence; (2) denial of his motion by the court; (3) waiver of his right to jury trial; (4) participating in a bench trial 5 weeks later conducted by a different judge exclusively on Kelly's stipulated facts; but (5) without Kelly's renewed objection or any indication of his intent to preserve the suppression issue, *e.g.*, for appeal.

Kansas has no caselaw directly on point. But the Fifth Circuit Court of Appeals does. In *United States v. Garcia-Ruiz*, 546 F.3d 716 (5th Cir. 2008), defendant filed a motion to suppress evidence obtained as a result of his detention and later arrest. After denial

of his motion, he pled not guilty, waived his right to a jury, and agreed to a bench trial on stipulated facts. After conviction, he appealed the denial of his motion to suppress.

Among other things, the appellate court observed that Garcia-Ruiz did not reserve a right to appeal when he stipulated to the facts. Accordingly, his "decision to go to trial on stipulated facts can be viewed as waiver." 546 F.3d at 718 n.1. The *Garcia-Ruiz* court sharply contrasted his failure with the defendants in *United States v. Mendoza*, 491 F.2d 534 (5th Cir. 1974). While those defendants similarly lost a suppression motion, pled not guilty, and stipulated to all the facts necessary for their conviction, the *Garcia-Ruiz* court pointed out: "Despite that stipulation, we allowed the appeal on the merits of the suppression motion, but only because defendants 'did not withdraw their pleas of not guilty, and *sought to expressly reserve their right to appeal from the order denying the motion to suppress.*'" 546 F.3d at 719 (quoting 491 F.2d at 536).

The *Garcia-Ruiz* court observed that another panel of the 5th Circuit viewed the same question as "one of mootness." 546 F.3d at 718 n.1 (citing *United States v. Ramos-Flores*, 233 Fed. Appx. 347, 349 [5th Cir. 2007] [unpublished opinion], *cert. denied* 552 U.S. 1104 [2008]). In *Ramos-Flores*, the defendant also lost a motion to suppress, pled not guilty, waived a jury trial, and agreed to a bench trial on stipulated facts. He appealed his conviction, arguing error in the denial of his suppression motion.

The *Ramos-Flores* court noted: "After those stipulated facts were read aloud in court, the Government and Ramos rested. Neither presented any other evidence; *nor did they present any objections or reservations.*" (Emphasis added.) 233 Fed. Appx. at 349. The court rejected defendant's reliance upon *Mendoza*, 491 F.2d 534, because like the *Garcia-Ruiz* court was to later distinguish, the *Mendoza* court had declared the issue preserved because defendants there sought " '*to expressly reserve* their right to appeal from the order denying the motion to suppress.'" 233 Fed. Appx. at 349 (quoting *Mendoza*, 491 F.2d at 536). By contrast, the *Ramos-Flores* court observed that "Ramos did *not* reserve, or otherwise signal, his intent to appeal the partial denial of his suppression motion."

233 Fed. Appx. at 349. "Accordingly, he rendered this issue *moot* with his stipulated facts." (Emphasis added.) 233 Fed. Appx. at 349-50.

Similarly, in *State v. Davis*, 224 Neb. 205, 397 N.W.2d 41 (1986), the Nebraska Supreme Court refused to reach the merits of defendant's suppression issue because he waived any alleged trial court error: "Although Davis had earlier reserved his objection to the court's ruling on his motion to suppress, when the court again overruled his motion at trial, he *stipulated without objection* to the facts upon which the conviction was based." (Emphasis added.) 224 Neb. at 209.

Georgia appellate courts follow the same rationale. In *Sanders v. State*, 252 Ga. App. 609, 556 S.E.2d 505 (2001), and *Scott v. State*, 201 Ga. App. 162, 410 S.E.2d 362 (1991), the defendants' motions to suppress were denied, they pled not guilty and agreed to bench trials on stipulated facts where they were found guilty. The appellate courts held the defense challenges to venue (*Sanders*) and to sufficiency of the evidence (*Scott*) were knowingly waived. These issues were unpreserved because the record revealed defendants and counsel led the court and the State to believe the only contested issue at the trial, and that defendants wanted preserved for appeal, was whether evidence should be suppressed.

The Kansas appellate decision closest to these scenarios—and where the contemporaneous objection rule was applied to stipulated facts—is *State v. Synoracki*, 253 Kan. 59, 853 P.2d 24 (1993). There, both the State and defendant filed motions in limine: the State to admit evidence of defendant's prior convictions and defendant to exclude them. Just prior to the trial's opening statements, the district court ruled that one conviction was admissible. Per the court's suggestion, the parties then entered into a written stipulation to present the conviction evidence. Defendant agreed to its form but continued to object to its admissibility on relevance grounds.

During the State's cross-examination of defendant, the "questions and answers reflected the basic information set forth in the stipulation." 253 Kan. at 68. Defendant did not object. At the in-

struction conference, the court combined the stipulation with the instruction limiting the jury's consideration of the conviction to defendant's intent. It noted: "The admissibility of the prior conviction was objected to by the defense, and I don't see that as being waived, the parties agree this is the way that the facts will be put in front of the jury." 253 Kan. at 68.

On appeal, defendant argued the cross-examination questions about his prior conviction violated K.S.A. 60-421 (disallows attack on defendant credibility through conviction until he or she introduces evidence of good character). This court rejected his argument for a number of reasons, several of which are of guidance here.

The *Synoracki* court began by addressing defendant's argument that the stipulation had never been introduced into evidence. It held: "Whether the stipulation was admitted into evidence or needed to be admitted into evidence is not determinative." 253 Kan. at 69. The court continued on this theme: "In any event, counsel for the defendant and the State agreed to proceed in the manner they did [with stipulation] and it is no more detrimental to the defendant to have the stipulation introduced one way than it is the other." 253 Kan. at 70.

Accordingly, this court first found that "[t]he information contained in the stipulation was admitted into evidence during the State's cross-examination of the defendant and the defendant concedes that there was no contemporaneous objection to the State's cross-examination." 253 Kan. at 69. Second, the court found defendant "also did not request a continuing objection when his motion in limine was denied. 'When a motion in limine is denied, the moving party must object to the evidence at trial to preserve the issue on appeal.' [Citation omitted.]" 253 Kan. at 69-70.

The *Synoracki* court ended its analysis by observing that " '[t]he admission of evidence, even if erroneous, *may not be raised as an issue on appeal* unless there appears of record a timely objection so stated as to make clear the specific ground of the objection.' *State v. Arrington*, 251 Kan. 747, Syl. ¶ 4, 840 P.2d 477 (1992); see K.S.A. 60-404 (contemporaneous objection rule)." (Emphasis added.) 253 Kan. at 70. Although the defendant had twice ob-

jected—first with his motion in limine and then again when the stipulation was prepared after his motion was denied just prior to opening statements—this court determined the suppression issue had not been preserved because no further objection had been made at trial.

In my view, *Synoracki* instructs that when a defendant's motion in limine to exclude evidence is denied, and the same evidence is presented through a stipulation for the finder of fact to consider, the defendant must still object to the evidence when offered at trial. If not, the evidentiary issue is not preserved for appeal.

None of these cases, including *Synoracki*, addressed the need for a pretrial objection to be renewed at trial so the judge can be given a chance to reconsider the ruling—whether, as the majority points out, because the evidence may be different at trial from the pretrial hearing's, or because the evidence may be viewed differently by the judge in the context of all the trial evidence and argument. This omission suggests the courts' primary concern is with preservation of the issue. See *Freeman*, 195 Kan. at 564 ("As a corollary to the [contemporaneous objection] rule, objections to the admissibility of evidence will not for the first time be considered on appeal.").

This caselaw inherently emphasizes the defendant's change to a diametrically opposite position. The defendant is no longer vigorously fighting to exclude the facts but now actively promoting the admission of those same facts into evidence—without objection or reservation. As the majority points out, by the defendant's stipulation he or she "has agreed the evidence can be admitted and considered" and has "waived the right to dispute" it. Slip op. at 6-7. This is in clear contrast to the defendant who, after denial of a motion to exclude evidence, simply renews his or her objection at trial—without agreeing, through stipulation, to those facts. See, *e.g., Jones*, 267 Kan. at 637-38.

Under these circumstances, a stipulation unaccompanied by a timely objection can not only constitute waiver (*Garcia-Ruiz*, 546 F.3d 716), mootness (*Ramos-Flores*, 233 Fed. Appx. 347), or general failure to preserve (*e.g., Synoracki*, 253 Kan. 59). But it also can approach acquiescence to the ruling and the ultimate judgment

of conviction, as evidenced by *In re Care and Treatment of Perez*, No. 90,727, 2004 WL 1609123 (Kan. App. 2004) (unpublished opinion). There, "Perez wished to *stipulate* to the report from Larned State Hospital, in lieu of trial, and have the court rule *whether* Perez was a sexually violent predator." (Emphasis added.) *Perez*, 2004 WL 1609123, at *1. The court then ruled Perez was a sexually violent predator and committed him to that hospital.

Perez later filed a motion to dismiss, arguing the district court lacked jurisdiction because he had not been brought to trial within 60 days of the probable cause hearing as required by K.S.A. 59-29a06. In affirming the district court's denial of his motion, the Court of Appeals held, *inter alia*:

"That stipulation amounted to an acquiescence in the court's judgment. Our Supreme Court has ruled that '[t]he respondent's consent and stipulation that he is a sexually violent predator amounts to his acquiescence in the judgment entered.' *In re Care and Treatment of Satthoff*, 272 Kan. 219, 220, 32 P.3d 1173 (2001). All of the grounds raised in Perez' motion to dismiss made prior to his stipulation were swept away with his consent to the judgment." 2004 WL 1609123, at *3.

Whatever the legal label, the failure to renew the objection effectively bars bringing the issue on appeal to this court. See *Freeman*, 195 Kan. at 564. This renewal requirement is similar to a number of our rules where compliance is required to establish preservation of issues, from trial through the last stages of appeal. Among these are a waiver and preclusion of appellate review due to: (1) a failure to raise an issue at the lower court (*State v. Weigel*, 228 Kan. 194, 201, 612 P.2d 636 [1980]); (2) a failure to include the trial-raised issue in an appellate brief (*State v. Bryant*, 272 Kan. 1204, 1208, 38 P.3d 661 [2002]; and (3) a failure to include the previously-preserved issue in the petition for review from the Court of Appeals to the Supreme Court (Supreme Court Rule 8.03[a][5][c] [2011 Kan. Ct. R. Annot. 69] and *State v. Allen*, 293 Kan. 793, 795, 268 P.3d 1198 [2012]).

This brings me to *State v. Bogguess*, 293 Kan. 743, 268 P.3d 481 (2012). Its language clearly reveals everyone—defense counsel, the State, and the court—knew exactly what defense counsel was doing and why. After reviewing the explicit statements made by defense

counsel before or at the bench trial and later made by defense counsel and the court at sentencing, we suggested both from these clear expressions of intent and the State's lack of objections to them that "everyone involved with this case knew which appellate rights Bogguess intended to reserve in his stipulation." 293 Kan. at 746. Defense counsel expressly stated Bogguess "wishes to retain his appeal rights. That's why we are proceeding [in] this way." 293 Kan. at 745. The judge conducting the trial "restate[d] the reservation of appellate rights," *i.e.*, "would I be correct in assuming that you are orally renewing all previous motions concerning the statements made by Mr. Bogguess during his interrogation or interview" by law enforcement "and seeking to preserve all issues of that for appeal?" 293 Kan. at 745-46.

In this respect, our holding in *Bogguess* is entirely consistent with *Mendoza*, 491 F.2d 534, where defendants sought " '*to expressly reserve* their right to appeal from the order denying the motion to suppress.' " *United States v. Ramos-Flores*, 233 Fed. Appx. at 349 (quoting 491 F.2d at 536.) And *Bogguess* is further consistent with *Scott v. State*, 201 Ga. App. 162, where "the defense attorney made it clear to both the prosecuting attorney and the trial judge that her main goal in defending this case was to preserve for appeal the denial of defendant's motion to suppress." 201 Ga. App. at 163. And where the State agreed that the purpose of the bench trial on stipulated facts was " 'to preserv[e] the motion to suppress as an appellate issue.' " 201 Ga. App. at 162-63.

*Bogguess* is also entirely consistent with *Sanders v. State*, 252 Ga. App. 609. There, the defendant preserved the suppression issue because the record revealed that defendant and his attorneys led the court and the State to understand that the only contested issue at trial had been whether the stipulated evidence should be suppressed and that defendant agreed that the "issue he wished to preserve for appeal was that of the sufficiency of the warrant affidavit to establish probable cause." 252 Ga. App. 2d at 615.

Language expressing such preservation intent by Kelly, and expressing a preservation understanding by the State and the court, is entirely lacking in Kelly's case. Even Kelly concedes in his petition for review that it "does not appear from the record of the

trial that anything was specifically said by trial defense counsel or included in the stipulation to object to the items that were the subject of the motion to suppress." The most Kelly can point to is the trial judge's statement that he had "review[ed] the content of the court file." The judge certainly did not address the suppression motion denied 34 days earlier by a different judge. He simply looked at the facts in the two stipulated exhibits and found Kelly guilty.

The majority would disregard Kelly's failures because he was purportedly doing what, according to the majority, stipulating defendants generally intend to do. For example, it states that "exercising a right to a bench trial on stipulated facts is commonly understood to be a mechanism to preserve legal issues for appeal." Slip op. at 8. It further speaks of the resultant "foreseeable[e]" conviction that causes the defendant to decide to "forego the expense and rigors of a jury trial while preserving legal issues for appeal" and that "the purpose of the procedure was understood." Slip op. at 8. It further contends that "there is no indication anyone was misled as to the . . . intent to preserve appellate rights." Slip op. at 7.

I have no quarrel with an acknowledgment of why defendants might, or even usually, stipulate to facts. But concluding that Kelly was stipulating for the specific and sole purpose of preserving his legal issue for appeal is unwarranted because it is not supported by the record. Defendants can stipulate for reasons other than a timely appeal. For example, in *In re Care and Treatment of Sipe*, No. 91,064, 2004 WL 1716207 (Kan. App. 2004) (unpublished opinion), prior to Sipe's completion of his prison term, and with trial pending, he stipulated to the State's petition seeking to declare him a sexually violent predator and to involuntarily commit him for treatment following his prison sentence. He was found to be a sexually violent predator and ordered into the custody of the Department of Social and Rehabilitation Services for control, care, and treatment "until such time as he is safe to be at large." *Sipe*, 2004 WL 1716207, at *1. Despite his stipulation, Sipe did not appeal. Instead, he waited 3 years and filed a motion to dismiss the State's petition, arguing the district court erred by continuing his

case past the statutory 60-day limit for conducting the trial after the probable cause hearing.

And as evidenced by *State v. Houston*, 289 Kan. 252, 213 P.3d 728 (2009), even when all counsel and the court might understand what a defendant might want to do, any mutual understanding still does not relieve the defendant of the requirement to expressly preserve an issue. There, we refused appellate review when the motion to suppress a witness' testimony was argued the morning of trial; the court did not deny the motion until after the morning trial break, stating, " 'Court would note that it's over the defendant's objection;' " and the objectionable witness testified that afternoon absent objection renewal. We held in *Houston* that if the court's intent by the comment "it's over the defendant's objection" was unclear, Houston's counsel should have asked for clarification, *e.g.*, " '[W]ill an objection still be required at the time the testimony is offered during trial?' In the alternative, counsel should have asked for a continuing objection and thereby eliminated the need for the later trial objection." 289 Kan. at 271.

The majority's supposition about why Kelly was stipulating to the facts also contradicts one of the principal purposes behind the contemporaneous objection rule: to provide the necessary specificity and thus certainty in evidentiary issues for the trial and appellate courts. See K.S.A. 60-404 (objection must be "so stated as to make clear the specific ground of objection"). Accordingly, we have rejected a party's efforts to object to the admission of evidence on one basis to the trial court and argue a different basis on appeal. See *Houston*, 289 Kan. at 269. And we have held that making a timely and specific objection of " 'stating facts not in evidence' " at trial is nevertheless insufficient to preserve hearsay and confrontation issues for appeal because the three are not equivalents. *State v. McCaslin*, 291 Kan. 697, 707, 245 P.3d 1030 (2011) (while there may be some overlap of objections, that overlap does not satisfy the specificity requirement of the objection); *Bryant*, 272 Kan. at 1208 (hearsay objection at trial not sufficient to raise issue of Confrontation Clause violation on appeal).

The majority correctly observes that Kelly was not required to announce his intention of preserving the issue for appeal while at

trial because filing the notice of appeal of a conviction is done posttrial. But this misses the point. In *Bogguess* we determined the defendant met the contemporaneous objection rule only because he, the court, and the State all had given substitute indicators that he wished to preserve an issue for appeal—not to suggest that his formal notification of appeal was required at that time.

Finally, in *Bogguess* we stated: "[W]hen the bench trial is conducted by the same judge who presided over the hearing on the motion to suppress, there is no reason to rehash the same arguments when no additional evidence has been presented." 293 Kan. at 747. Here, by contrast, there is a different judge conducting the bench trial—almost 5 weeks after the original judge denied the suppression motion. Consequently, the "same arguments" rejected by the first judge could very well be persuasive to the second one. As the Court of Appeals has stated:

"[A] court retains the inherent power to review its own proceedings to correct errors or prevent injustices until a final judgment is entered. *Connell v. State Highway Commission*, 192 Kan. 371, 376, 388 P.2d 637 (1964); *Weber v. Wilson*, 187 Kan. 214, 215, 356 P.2d 659 (1960). *The court retains that power even when the same issue is presented to a different judge of the same court in the same case.* Although factual issues may be particularly unsuitable for reconsideration, legal issues are more suitable. See 18 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4478 (1981)." (Emphasis added.) *City of Wichita v. Rice*, 20 Kan. App. 2d 370, 376, 889 P.2d 789 (1995).

See also *State v. King*, 180 Ariz. 268, 279, 883 P.2d 1024 (1994) (law of the case doctrine does not prevent "a different judge, sitting on the same case, from reconsidering the first judge's prior, nonfinal rulings").

Because I dissent from the majority's dilution of the contemporaneous objection rule as analyzed by this court in *State v. Bogguess*, filed 8 months ago, I would affirm the Court of Appeals and the district court.

BILES and MORITZ, JJ., join in the foregoing dissent.