# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 22-50012

―――――――――

United States of America,

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2025

Lyle W. Cayce
Clerk

*Plaintiff—Appellee*,

*versus*

Adrian Lewis Nunez,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-165-1

―――――――――――――――――――――

Before King, Richman, and Higginson, *Circuit Judges*.

Priscilla Richman, *Circuit Judge*:[*]

   After a confidential informant's tip led to a controlled buy from Adrian Nunez's stepson, police searched the apartment where the stepson lived with Nunez.  Nunez admitted to owning a shotgun that was found during the search, and he was indicted and convicted for possession of a firearm by a felon.  Nunez appeals only his sentence, contending that the district court erred in denying the two-level acceptance of responsibility

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

reduction under U.S.S.G. § 3E1.1(a) and that his sentence is substantively unreasonable. Because the district court combined Nunez's suppression hearing and trial, he had no opportunity to plea conditionally and pursue his suppression claims while remaining eligible for an acceptance of responsibility reduction. Accordingly, we vacate the sentence and remand.

**I**

Police conducted a controlled purchase by a confidential informant of tetrahydrocannabinol (THC) from Nunez's minor stepson.[1] Police then obtained a warrant and searched the residence where the stepson lived with Nunez and his girlfriend.[2] During that search, the officers located a firearm in a pair of men's boots in the master bedroom.[3] After waiving his *Miranda* rights and during his initial conversation with the police, "Nunez admitted possession of the firearm, which was, he claimed, gifted to him in approximately December of 2020, after an incident where he had been robbed that he had possessed for protection and defense."[4] He also admitted that he had "purchased shotgun shells for the firearm and recently fired the firearm."[5] Nunez was indicted on a single count of possession of a firearm by a felon.[6]

Nunez's attorney received a copy of the search warrant application three days before the plea deadline.[7] On that deadline, the court denied a

---

[1] ROA.209-16.

[2] ROA.129, 218, 230-33.

[3] ROA.13, 323.

[4] ROA.124.

[5] ROA.319.

[6] ROA.29.

[7] *See* ROA.35, 139-40.

motion for continuance and noted that the new counsel who was supposed to be substituted in Nunez's case still had not made an appearance.[8]  Nunez reiterated his intent to go to trial.[9]  At the next status conference seven days later, the Government's attorney advised the court that there had been a "lengthy discussion" with the magistrate judge about a forthcoming motion to suppress by Nunez and requested that the motion not be addressed at a pretrial conference but at the trial instead.[10]  The Government also confirmed "that the only offer made [to Nunez] was a plea to the one count of the indictment" and Nunez's attorney reiterated Nunez wanted to proceed to trial.[11]  Nunez's attorney explained he was still waiting for the new lawyer to assume representation in the case and that if that did not happen within a few days, he would file the motion to suppress himself.  However, counsel did not object at that time to combining the suppression hearing and trial.[12]  Counsel did subsequently file the motion to suppress,[13] requested a hearing, and requested that, "[a]fter a hearing on this matter," particular evidence "be suppressed at trial."[14]  The court did not grant a pretrial hearing but instead set a combined suppression hearing and trial.[15]

The day before trial, Nunez signed a stipulation of facts, which included that he had been convicted of a felony, knew of his status at the time

_____

[8] ROA.149-52.

[9] ROA.153-54.

[10] ROA.165-66.

[11] ROA.158-59.

[12] ROA.166-68.

[13] ROA.50, 178.

[14] ROA.47-50 (reflecting a filing date of July 25th).

[15] ROA.71.

of the search, and that the firearm in question travelled in interstate commerce.[16]  He did not stipulate that he knew it was illegal to possess a firearm.  Nunez waived his right to a jury trial.[17]  At the bench trial, the court reiterated that the trial would be held simultaneously with the hearing on the motion to suppress, and Nunez pleaded not guilty.[18]  The parties agreed to preadmit the stipulation of facts with Nunez's attorney explaining: "Again, [] this is the same comment that I'll make to all evidence.  The primary issue [] for my client is [] the suppression of evidence and statements as a result of [] the search."[19]  During the first two witnesses called by the Government, Nunez cross examined them as to the sources for the information in the warrant application and what was observed before the controlled buy.  Nunez then interrupted the trial to plead guilty, taking responsibility for his actions and expressing remorse.[20]

The district court warned Nunez that it was likely too late for an acceptance of responsibility reduction.[21]  At sentencing, the district court adopted the presentence report,[22] overruling Nunez's objections to the

_____

[16] ROA.310-11.

[17] ROA.78.

[18] ROA.178-79.

[19] ROA.181.

[20] ROA.193-205, 233-48.

[21] ROA.245 (describing to Nunez how Nunez's attorney would argue for Nunez to get the best deal possible at the sentencing hearing, and the judge would not make up his mind until he heard all the arguments, but that an award of "the Court's two levels" for acceptance of responsibility was "highly unlikely").

[22] ROA.277.

No. 22-50012

denial of an acceptance of responsibility reduction.[23]  After considering the advisory guidelines range of seventy-seven to ninety-six months of imprisonment, the district court sentenced Nunez to eighty-four months of imprisonment followed by three years of supervised release.[24]  Nunez now appeals, challenging his sentence.

## II

"A district court's refusal to reduce a sentence for acceptance of responsibility is reviewed under a standard 'even more deferential than a pure clearly erroneous standard.'  Such a decision will not be reversed unless it is 'without foundation.'"[25]

U.S.S.G. § 3E1.1(a) provides that an offense level may be reduced by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense."[26]  The adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."[27]  Nonetheless, a defendant who

---

[23] ROA.271-77 ("If it had been a stipulated bench trial, where basically everybody admits everything, everybody agrees to everything, except for maybe one issue.  You know, then we come in here and they brief it or argue it.  And I make that decision then.  But this was a different deal because it was a contested—and by bench trial, we mean it was a trial.  You know, it's no different than any other trial.  The Defendant: Yes, sir.  The Court: You could have won and been acquitted and walked away."), 356-58.

[24] ROA.335, 277-86.

[25] *United States v. Najera*, 915 F.3d 997, 1002 (5th Cir. 2019) (citation omitted) (quoting *United States v. Maldonado*, 42 F.3d 906, 913 (5th Cir. 1995)).

[26] U.S.S.G. § 3E1.1(a).

[27] *Id.* § 3E1.1, cmt. 2.

proceeds to trial is not automatically precluded from receiving a reduction. The commentary to § 3E1.1 recognizes that:

> In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.[28]

Therefore, a "defendant can proceed to trial on issues not relating to factual guilt and still receive credit for acceptance of responsibility."[29]

The Government argues that "the untimeliness of [Nunez's] guilty plea was a valid ground for denial" of acceptance of responsibility. It is true that "[t]he district court's consideration of an irrelevant factor, however, is 'not fatal if there is some other reason to be found that supports' the court's decision . . . ."[30] However, the Government's argument ignores our precedent on motions to suppress. "In *United States v. Washington*, we announced protection of access to the AOR reduction for defendants who pursue a motion to suppress."[31] "The Guidelines create a distinction between a defendant's denial of factual guilt and denial of legal guilt, allowing

---

[28] *Id.* § 3E1.1, cmt. 2.

[29] *United States v. Washington*, 340 F.3d 222, 228 (5th Cir. 2003).

[30] *United States v. Diaz*, 39 F.3d 568, 571 (5th Cir. 1994) (quoting *United States v. Tello*, 9 F.3d 1119, 1128 (5th Cir. 1993)).

[31] *United States v. Najera*, 915 F.3d 997, 1003 (5th Cir. 2019) (citing *Washington*, 340 F.3d at 228).

acceptance of responsibility for the latter."[32]　Here, Nunez stipulated or admitted to the elements of his offense, other than the fact that he knew that as a convicted felon, it would be unlawful for him to possess a firearm. However, Nunez does not appear to have made this an issue at any point. His only challenge was to whether the search that led to the discovery of the firearm was lawful. Nunez essentially admitted to his factual guilt; he only challenged his legal guilt.[33]　"[Nunez's] decision to pursue the suppression of the evidence should not preclude him from receiving credit for accepting responsibility."[34]

In *United States v. Najera*,[35] we explained that "a defendant who proceeds to trial on an admission or a stipulation of the facts necessary for conviction while expressly reserving the right to appeal from an adverse suppression ruling will not be deemed to have waived the suppression issue."[36]　We made plain that the admission or stipulation of factual guilt would not render any error in failing to suppress evidence that was wrongfully obtained harmless.[37]　However, in *Najera*, the defendant had not "taken that specific route."[38]　Instead, after his motion to suppress based on the Fourth Amendment was denied,[39] he sought a conditional plea, which the Government refused, and then he remained silent at trial except for

---

[32] *Washington*, 340 F.3d at 229.

[33] *See* ROA.124, 310-11.

[34] *Washington*, 340 F.3d at 230.

[35] 915 F.3d 997 (5th Cir. 2019).

[36] *Id.* at 1004 (emphasis omitted).

[37] *Id.*

[38] *Id.*

[39] *Id.* at 1000.

preserving his Fourth Amendment claim.[40]  Najera did not stipulate to guilt because he was concerned doing so would "waive the suppression issue or render it harmless."[41]  Our court concluded the defendant's course of action was "the functional equivalent" of stipulating to factual guilt while reserving the right to appeal from an adverse suppression ruling.[42]  Though Najera had proceeded to trial, "[e]very action Najera took was designed to concede factual guilt while challenging the constitutionality of his search and seizure."[43]  Our court concluded that "Najera clearly demonstrated acceptance of responsibility and did not deny the factual elements of guilt."[44]

The Government attempts to distinguish *Najera* in two ways—first, the Government states that "there is no evidence here that [Nunez] requested a conditional plea," and second, it notes that *Najera* did not address timeliness.

The fact that Nunez did not request a conditional plea is not dispositive.  Nunez had no adverse pretrial ruling from which to preserve an appeal.  Federal Rule of Criminal Procedure 11(a)(2) explains that:

> With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination *of a specified pretrial motion*.  A

---

[40] *Id*. at 1000-01.

[41] *Id*. at 1004 (discussing our decision in *United States v. Garcia-Ruiz*, 546 F.3d 716 (5th Cir. 2008)).

[42] *Id*.

[43] *Id*.

[44] *Id*.

defendant who prevails on appeal may then withdraw the plea.[45]

Here, there was no adverse pretrial ruling on the motion to suppress that Nunez could have hoped to preserve for appeal, because there was no pretrial ruling at all.[46] The district court combined the suppression hearing with the bench trial.[47] Because Nunez had no ruling before trial, the option to pursue a conditional plea and "remain[] eligible for an AOR reduction" was not available to him.[48] This is in direct contrast to the defendant's procedural posture in *United States v. Cordero*.[49] We held in that case that the defendant was not entitled to an acceptance of responsibility reduction because "unlike the defendant in *Washington*, Cordero could have received the acceptance-of-responsibility reduction without waiving appeal of the suppression issue," since he was offered a conditional plea which he did not take.[50] Here, the district court combining the trial and the motion to suppress "create[d] what is tantamount to a per se prohibition against acceptance of responsibility for a defendant filing a motion to suppress and continuing to trial."[51]

At oral argument, the Government argued that Nunez could have engaged in a type of bargaining designed to secure a conditional plea.[52] However, in post-argument supplemental briefing, the Government was

---

[45] FED. R. CRIM. P. 11(a)(2) (emphasis added).

[46] *See* ROA.71.

[47] ROA.71.

[48] *Najera*, 915 F.3d at 1004.

[49] 465 F.3d 626 (5th Cir. 2006).

[50] *Id.* at 632 (discussing *United States v. Washington*, 340 F.3d 222 (5th Cir. 2003)).

[51] *Washington*, 340 F.3d at 228.

[52] Oral Argument at 21:54-22:03.

No. 22-50012

unable to provide any examples of other defendants engaging in this type of bargaining without an adverse pretrial determination—or any authority requiring or permitting defendants to do so.

The Government also attempts to distinguish *Najera* by arguing that it did not involve timeliness and, as the Government points out, neither do the other cases involving motions to suppress upon which Nunez relies. However, it is important to note why these cases do not address timeliness: in each case, there was a denial of a pretrial motion to suppress, some reason why a conditional plea was not thereafter entered into, and then the defendant proceeded to trial.[53] If Nunez had obtained an adverse ruling on his motion to suppress before trial, he too could have requested a conditional plea and, if it was denied, he would have been in the same position as the defendants in those cases (without any untimely guilty plea). However, because the motion to suppress was heard at the same time as Nunez's trial, he had no opportunity to pursue this route.

Nunez is therefore not ineligible for *Najera*'s protection because of the lack of a conditional plea or because of timeliness. The question becomes, did he "proceed[] to trial on an admission or a stipulation of the facts necessary for conviction" such that he "remains eligible for an AOR reduction"?[54] The Government points out that Nunez only stipulated to "most" of the elements necessary to convict him. Nunez stipulated to three of the four elements of this offense—that he had been convicted of a felony, that he knew of that status during the relevant time, and that the firearm

---

[53] *See, e.g.*, *Washington*, 340 F.3d at 229; *United States v. Maldonado*, 42 F.3d 906, 908 (5th Cir. 1995); *Cordero*, 465 F.3d at 629, 632; *Najera*, 915 F.3d at 1000.

[54] *Najera*, 915 F.3d at 1004.

travelled in interstate commerce.[55]  The only element he did not stipulate to was that he knew that because he was a convicted felon, it was illegal for him to possess a firearm.  While Nunez did not stipulate to that element, in the first conversation he had with police searching his home, he did "admit[] possession of the firearm, which was, he claimed, gifted to him in approximately December of 2020, after an incident where he had been robbed that he had possessed for protection and defense."[56]  He also admitted that he had "purchased shotgun shells for the firearm and recently fired the firearm."[57]

> At sentencing, the district court explained:

> If it had been a stipulated bench trial, where basically everybody admits everything, everybody agrees to everything, except for maybe one issue.  You know, then we come in here and they brief it or argue it.  And I make that decision then.  But this was a different deal because it was a contested—and by bench trial, we mean it was a trial.  You know, it's no different than any other trial. . . . You could have won and been acquitted and walked away.[58]

However, as just explained, Nunez did stipulate to all but one element, which he did not contest at any point.[59]  "Although [Nunez] surely hoped to avoid conviction when he moved to suppress the evidence, this 'intent to walk'

_____

[55] ROA.310-11.

[56] ROA.124.

[57] ROA.319.

[58] ROA.276.

[59] *See* ROA.124, 310-11.

does not negate a willingness to accept responsibility under the Guidelines."[60]

"In the absence of a conditional plea, the defendant would have to choose between trying to suppress the evidence and receiving credit for acceptance of responsibility. A defendant should not have to make this choice."[61] Nunez was told that he would obtain a ruling on his motion to suppress during trial, and he therefore could not plead guilty in a timely manner. Allowing the district court to deny an acceptance of responsibility reduction in this scenario would allow courts to carry every suppression motion with trial, effectively denying an acceptance of responsibility credit if a defendant wants meaningful consideration of his or her suppression issue. Allowing this could "'chill the filing of suppression motions by defendants who admit their factual guilt,' which would be problematic because '[s]uppression hearings play a vital role in not only protecting the rights of the particular defendant, but also in protecting society from overzealous law enforcement ignoring proper procedure.'"[62] The district court's decision to deny Nunez an acceptance of responsibility reduction was made without foundation.

## III

Nunez also objects to his sentence as a whole, arguing it is substantively unreasonable. He argues that the sentence is greater than necessary to achieve the purposes of § 3553(a) because the district court failed "to adequately account for factors that should have received significant

---

[60] *See United States v. Washington*, 340 F.3d 222, 228 (5th Cir. 2003).

[61] *Id.* at 230.

[62] *United States v. Najera*, 915 F.3d 997, 1003 (5th Cir. 2019) (quoting *Washington*, 340 F.3d at 230).

weight in determining the sentence," namely his history and character, including the impact of his history of childhood substance abuse and his acceptance of responsibility for his crime.

An appellate court is to "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."[63] A sentence that falls within the applicable guidelines range "is presumptively reasonable."[64] "To rebut the presumption, a defendant must show one of three things: (1) the court failed to consider a factor that it should've given significant weight; (2) the court gave significant weight to an irrelevant or improper factor; or (3) the court clearly erred in balancing sentencing factors."[65] "Our 'review for substantive reasonableness is highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant.'"[66]

The PSR details Nunez's long history of substance abuse, starting at eight years old.[67] In his brief, Nunez discusses various studies that illustrate the deleterious effects on individuals who suffer from substance abuse issues. The Government responds that none of this evidence was in the PSR, and, although it did include information about Nunez's history with drug abuse, Nunez "did not argue for a variance based on the impact or potential impact of early childhood exposure to drugs and the impact of addiction on

---

[63] *Gall v. United States*, 552 U.S. 38, 51 (2007).

[64] *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

[65] *United States v. Ayelotan*, 917 F.3d 394, 409 (5th Cir. 2019), *as revised* (Mar. 4, 2019) (citing *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011)).

[66] *United States v. Lavalais*, 960 F.3d 180, 189 (5th Cir. 2020) (quoting *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015)).

[67] *See* ROA.343-52.

behavior."[68]  Even if this court did consider the new arguments, the record from the sentencing hearing shows that the district court asked Nunez about his education, work experience, family, and his extensive criminal history—including the young age at which his drug convictions began.[69]  The district court "grounded [Nunez's] sentence in an in-depth consideration of the § 3553 factors."[70]  "[W]e have consistently declined to merely reweigh the sentencing factors" and decline to do so here.[71]

*    *    *

For the foregoing reasons, we VACATE the sentence and REMAND for resentencing consistent with this opinion.

---

[68] *See also* ROA.278-80 (sentencing hearing arguments); *Rita v. United States*, 551 U.S. 338, 360 (2007) ("'Finally, Rita and supporting *amici* here claim that the Guidelines sentence is not reasonable under § 3553(a) because it expressly declines to consider various personal characteristics of the defendant, such as physical condition, employment record, and military service, under the view that these factors are 'not ordinarily relevant.'  Rita did not make this argument below, and we shall not consider it." (citing U.S.S.G. §§ 5H1.4, 5H1.5, 5H1.11.)).

[69] ROA.280-85.

[70] *See Ayelotan*, 917 F.3d at 409.

[71] *Id.*