NOT DESIGNATED FOR PUBLICATION

No. 116,882

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONNELL BELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed February 9, 2018. Affirmed.

*James T. McIntyre*, of Law Offices of James T. McIntyre, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., STANDRIDGE, J., and STUTZMAN, S.J.

PER CURIAM: Donnell Bell appeals his convictions for possession of cocaine and possession of paraphernalia for use. Bell contends the district court erred in denying his motion to suppress evidence. Specifically, Bell argues the affidavit in support of the no-knock search warrant was insufficient because it included both false statements and information from an unreliable confidential informant. Finding no error, we affirm.

FACTS

Bell was charged with one count of possession of cocaine and one count of possession of paraphernalia for use following the January 9, 2014 search of his residence pursuant to a no-knock search warrant.

The affidavit supporting the search warrant stated that Wichita Police Department Officer John Groh learned from a confidential informant (CI) that a black male was selling crack cocaine at a residence on Ash Avenue in Wichita, Kansas. Groh arranged for the CI to purchase crack cocaine in a controlled buy at that residence. Wichita Police Department officers strip searched the CI and the vehicle used to transport the CI and found them to be free of contraband and U.S. currency. Thereafter, officers provided the CI with money to purchase the crack cocaine and drove with the CI to the Ash Avenue residence. An officer observed the CI enter the residence through the front door and later exit the residence. The CI returned to the police vehicle with an "off-white color chunky substance" that the CI reported purchasing from a black male. The substance field tested positive for cocaine. The CI reported that he observed additional crack cocaine for sale inside the residence and that the seller agreed to sell more crack cocaine to the CI in the future. After the purchase, the CI and vehicle were again strip searched and found to be free of contraband and currency.

After the controlled buy, Officer Groh performed a records check with the City of Wichita water department and noted that David L. Irving was listed as receiving water services at the address on Ash Avenue. Using the Wichita Police Department database, Officer Groh discovered that Irving was a black male. Officer Groh checked Irving's criminal history, which revealed that Irving had been convicted of interfering with law enforcement in August 2013 and convicted of battery of a law enforcement officer in February 2007, in which he pushed and punched a uniformed police officer. Irving also

had felony convictions for possession of hallucinogenic drugs in 2009 and aggravated burglary in 1999.

In his January 7, 2014 application for a search warrant, Officer Groh "request[ed] the privilege of entering the residence without the standard knock and announce" based on Irving's "known criminal and violent history" and the "high probability of a firearm being in the residence during the service of this warrant." The magistrate authorized a no-knock warrant the same day.

On January 9, 2014, Wichita Police officers forced entry at the Ash Avenue residence pursuant to the no-knock search warrant. Bell, the only person in the residence, was taken into custody. Officers seized a plastic bag containing "off-white rocks," a digital scale, and a box of plastic sandwich bags. The rocks tested positive for 1.19 grams of cocaine. Officers also found utility invoices addressed to Bell in the residence. The State charged Bell with possession of cocaine and possession of paraphernalia for use.

After Bell was taken into custody, Officer Groh learned that Irving was incarcerated at the time he applied for the search warrant and searched the residence.

Before trial, Bell moved to suppress all evidence in the case by challenging the reasonableness of the no-knock search warrant. Bell argued that the police easily could have determined that the "target" of the warrant was incarcerated at the time of the search, which means the information used to obtain the no-knock warrant—Irving's criminal history—failed to justify entry into the home without prior notice to the inhabitant. Bell also argued that the affidavit in support of the warrant did not include information about the veracity of the CI.

The district court held a hearing on Bell's motion to suppress, at which Officer Groh testified. The court addressed Bell's motion as two separate issues. First, the court

3

found that the affidavit provided probable cause to search the residence on Ash Avenue based in part on the controlled buy that resulted in the sale of cocaine, the CI's report of additional drugs for sale in the residence, and the fact the CI had arranged to purchase more drugs from the seller in the future. Second, the court held that the waiver of the knock-and-announce rule was reasonable based on the information Groh possessed at the time he applied for the search warrant, despite the fact that Irving was in fact incarcerated at the time of the search. The court noted, however, that even if the no-knock warrant was unreasonable, the law does not require suppression of evidence discovered as a result of such unreasonableness. The court denied Bell's motion.

The case proceeded immediately to a bench trial on stipulated facts. The district court found Bell guilty as charged. The court sentenced Bell to 15 months in prison for possession of cocaine and a concurrent 12 months in jail for possession of paraphernalia, but it granted Bell 12 months' probation.

ANALYSIS

A. *Preservation*

As an initial matter, the State argues that Bell has failed to preserve for appeal his objection to the district court's decision to deny his motion to suppress. In support of this argument, the State contends Bell failed to renew his motion to suppress during the bench trial held immediately after the suppression hearing as required by K.S.A. 60-404. Whether an issue is preserved for appellate review is a question of law, over which this court exercises unlimited review. *State v. Plummer*, 295 Kan. 156, Syl. ¶ 1, 283 P.3d 202 (2012).

Generally, a party who fails to make a specific contemporaneous objection to the admission of evidence at trial may not appeal the admissibility of that evidence. K.S.A.

4

60-404; see *State v. King*, 288 Kan. 333, 342, 204 P.3d 585 (2009). The purpose of the contemporaneous objection rule is to allow the district court to consider, or reconsider, the propriety of permitting evidence sought to be introduced in the context of other evidence presented during trial. Allowing the district court to do so helps prevent reversal and a new trial based on the use of what the district court may have determined to be tainted evidence when considered in conjunction with other evidence introduced during trial. 288 Kan. at 342.

In this case, the State argues Bell did not preserve his objection because he failed to object to the evidence during the bench trial and failed to include any statements regarding the motion to suppress in the parties' written stipulation of facts upon which the district court relied during trial. "[A] pretrial objection by itself is not timely because the evidence may be different from that submitted at the pretrial hearing or the evidence may be viewed differently by the judge in the context of all of the evidence and argument heard at trial." *State v. Kelly*, 295 Kan. 587, 590, 285 P.3d 1026 (2012); see *State v. Houston*, 289 Kan. 252, 270, 213 P.3d 728 (2009) (contemporaneous objection rule "allows a court to rule on the evidence before trial, but after hearing how the evidence unfolds during trial, allows the court to be prepared—after timely trial objection—to reconsider its original ruling").

But in *State v. Bogguess*, 293 Kan. 743, 747, 268 P.3d 481 (2012), the Kansas Supreme Court held that the contemporaneous objection rule does not apply to a bench trial on stipulated facts when the same judge who presided over the hearing on the motion to suppress conducted the trial. In that case, the court held:

> "When a bench trial consists solely of stipulated facts, there is no opportunity for the defendant to make a contemporaneous objection at trial to the admission of specific evidence. And when the bench trial is conducted by the same judge who presided over

5

the hearing on the motion to suppress, there is no reason to rehash the same arguments when no additional evidence has been presented." 293 Kan. at 747.

Here, the bench trial was conducted on stipulated facts by the same judge who heard the motion to suppress, which was held immediately before the bench trial began. There is no dispute that both the district court and the State knew that Bell objected to the admission of the evidence based on the inaccurate information supporting the no-knock aspect of the warrant. Like in *Bogguess*, there was no reason to rehash the arguments that occurred immediately prior to the bench trial. The evidence did not change the context of the court's decision on the motion to suppress. Bell's objection is not untimely under K.S.A. 60-404.

The State also claims Bell's objection was not specific because Bell's appeal presents a unitary challenge to the denial of his motion to suppress without specifying whether he is challenging the probable cause for the warrant or the waiver of the knock-and-announce rule. However, an unclear appellate brief does not prevent this court from reviewing the case under K.S.A. 60-404. And the district court fully heard Bell's arguments on the motion and made rulings on both the probable cause and no-knock aspect of the search warrant. This court may review those holdings.

B. *Motion to suppress*

Bell contends the district court erred in denying his motion to suppress because the probable cause affidavit contained false statements about Irving and unreliable information from the CI. The district court analyzed Bell's challenge as two separate inquiries:  (1) whether the affidavit supplied probable cause to issue a warrant and (2) whether the no-knock nature of the warrant was reasonable. We follow the district court's lead in this regard and address each of these two inquiries below.

In reviewing a district court's decision on a motion to suppress, an appellate court reviews the factual findings to determine whether they are supported by substantial competent evidence. The legal conclusion is reviewed de novo. An appellate court does not reweigh evidence, pass on the credibility of witnesses, or resolve conflicts in the evidence. *State v. Patterson*, 304 Kan. 272, 274, 371 P.3d 893 (2016). The State bears the burden to prove the lawfulness of the search and seizure. *State v. Porting*, 281 Kan. 320, 324, 130 P.3d 1173 (2006).

### 1. *Probable cause*

Bell argues that statements about Irving set forth in the probable cause affidavit should not be considered on review to determine whether probable cause existed for issuing the warrant. Without the statements about Irving, Bell contends the only remaining information in the affidavit are statements from the CI, which he contends do not support probable cause because "[n]othing in the affidavit addresses the reliability, veracity, or credibility of the [CI]."

When an affidavit supporting an application for a search warrant is challenged, this court applies a deferential standard. To determine whether an affidavit supplies probable cause, a magistrate must consider the totality of the circumstances presented and make "a practical, common-sense decision whether a crime has been or is being committed and whether there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Hicks*, 282 Kan. 599, 613-14, 147 P.3d 1076 (2006). Because the contents of the affidavit are available for review on appeal, this court "'may perform its own evaluation of the affidavit's sufficiency under this deferential standard.'" *State v. Adams*, 294 Kan. 171, 180, 273 P.3d 718 (2012).

Bell argues the false information about Irving in the affidavit invalidates the substantial nature of the basis upon which the magistrate relied to find a fair probability

that evidence would be found in the house on Ash Avenue. A defendant generally may not dispute the factual allegations supporting a search warrant. While an affidavit is presumed valid, however, there is an exception under *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). If a defendant makes allegations and an offer of proof under oath that there is a false statement or a deliberate omission of material information in an affidavit relied on by a magistrate in deciding to issue a warrant, a defendant is entitled to an evidentiary hearing on the allegations. *State v. Lockett*, 232 Kan. 317, 319, 654 P.2d 433 (1982). If, at a *Franks* hearing, the defendant ultimately establishes the falsity or deliberate and material omission of statements in the affidavit, the court must remove those statements from the affidavit and reexamine the remaining statements to determine whether probable cause existed to support the warrant. *State v. Jacques*, 225 Kan. 38, 44, 587 P.2d 861 (1978).

The district court's hearing on Bell's motion to suppress was essentially a *Franks* hearing. Officer Groh testified about the information upon which he relied to apply for the search warrant, including the research he performed regarding Irving. The court heard argument from Bell's attorney regarding Officer Groh's failure to discover that Irving was incarcerated at the time Officer Groh applied for the warrant. The court ultimately held that—even without considering the references to Irving—the affidavit provided a substantial evidentiary basis upon which to conclude there was a fair probability that evidence of illegal activity would be found in the house on Ash Avenue.

Although the district court found probable cause to support the warrant without considering what Bell has alleged to be "false" statements about Irving in the affidavit, we have reviewed the affidavit and find no assertions regarding Irving to be false or untruthful. The statements pertaining to Irving were as follows:

- Groh checked the City of Wichita water utilities for the Ash Avenue residence, and Irving was noted as currently receiving services for that address.

8

- Groh checked the Wichita Police Department computer database, which listed Irving as a black male.
- Groh conducted a records check of Irving's criminal history using the Interstate Identification Index and the Wichita Police Department computer database and determined that Irving had been convicted of: interfering with law enforcement in 2013, possession of hallucinogenic drugs in 2009, battery of a law enforcement officer in 2007, and aggravated burglary in 1999.

Each of these assertions are true. And there was no evidence presented at the hearing that Officer Groh falsely stated Irving was living in the residence or deliberately omitted the fact that Irving was incarcerated. Rather, Bell contends that Groh "failed to determine if [Irving] was in custody, even though the Wichita Police Department certainly has that capability."

Even if the information about Irving was false and precluded consideration, the district court correctly held that the affidavit provided probable cause for the search based on the other information in the affidavit. Bell contends the remaining statements in the affidavit do not support probable cause because there are no statements to establish the CI was a reliable source of information. Statements in a probable cause affidavit regarding an informant's veracity and basis of knowledge are relevant but do not have "'independent status,'" meaning "'a deficiency in one may be compensated for . . . by a strong showing as to the other, or by some other indicia of reliability.'" *State v. Hensley*, 298 Kan. 422, 431, 313 P.3d 814 (2013) (quoting *Illinois v. Gates*, 462 U.S. 213, 233, 103 S. Ct. 2317, 76 L. Ed. 2d 527 [1983]). Where evidence of an informant's reliability or credibility is lacking, information provided by an informant may be corroborated by independent police investigation. *State v. Ibarra*, 282 Kan. 530, 549, 147 P.3d 842 (2006); *State v. Fisher*, 24 Kan. App. 2d 103, 111, 942 P.2d 49 (1997). A single controlled buy can provide probable cause if the sale occurred recently and additional facts have established

a reasonable basis to infer that drugs remained on the premises after the sale. *Jacques*, 225 Kan. at 42.

Here, the district court correctly determined that the police investigation corroborated the CI's statements. The affidavit detailed the controlled buy that was conducted at the Ash Avenue residence. The officers supervised the CI during the purchase of crack cocaine from a black male at that residence. The CI observed additional crack cocaine for sale in the residence and agreed with the seller to purchase additional crack cocaine at a future time. The purchase was within 72 hours of the officer's application for a search warrant. The sale provided a reasonable basis for the magistrate to infer that drugs remained at the residence. See *Jacques*, 225 Kan. at 42; see also *State v. Manns*, No. 111,205, 2015 WL 3514005, at *7 (Kan. App. 2015) (unpublished opinion) (isolated controlled buy provided probable cause where seller stated CI could obtain more marijuana from residence, allowing inference that more drugs remained in home, and controlled buy occurred less than 72 hours before warrant application).

Applying the deferential standard to the totality of the circumstances in the affidavit, and with or without consideration of the information regarding Irving, we conclude the affidavit provided the issuing magistrate with a substantial basis to determine that there was a fair probability that evidence of criminal activity would be found at the Ash Avenue residence. See *Adams*, 294 Kan. at 180. The district court did not err in denying Bell's motion to suppress the evidence due to lack of probable cause.

2. *Knock-and-announce rule*

Bell alleges that the no-knock aspect of the warrant was improper as it was based on the criminal history of an individual who was in custody at the time the warrant was

10

requested. Even if Bell's allegation is true, the failure of an officer to knock and announce when executing a search warrant does not provide a basis for the exclusion of evidence.

In ruling on the motion to suppress, the district court found the no-knock aspect of the warrant was reasonable because Officer Groh had a valid, reasonable, and good-faith belief that Irving lived at the residence and would be present at the time the search was executed. The court noted that Officer Groh had determined Irving was listed as receiving water services at the Ash Avenue residence and had confirmed that Irving matched the racial description of the seller provided by the CI. The court also cited Groh's review of Irving's criminal history, noting Irving's prior convictions for interfering with law enforcement and battery against a law enforcement officer. The court explained that even if Officer Groh would have looked at the Kansas Adult Supervised Population Electronic Repository (KASPER) database to determine whether Irving was incarcerated, there is a disclaimer regarding the accuracy of the information on KASPER, which warns users that the information can change day to day. Ultimately, the district court held that even if Officer Groh unreasonably relied on Irving's criminal history in applying for a waiver to the knock-and-announce rule, the remedy would not be to suppress the evidence. Citing *Hudson v. Michigan*, 547 U.S. 586, 126 S. Ct. 2159, 165 L. Ed. 2d 56 (2006), and *State v. Francis*, 282 Kan. 120, 126-27, 145 P.3d 48 (2006), the court stated "even if [the no-knock warrant] is unreasonable, it appears that the remedy is not to suppress the evidence and exclude the evidence."

In *Hudson*, police entered and searched Hudson's residence pursuant to a warrant after waiting only three to five seconds after announcing their presence. Hudson moved to suppress the evidence, alleging a violation of his Fourth Amendment rights under the United States Constitution. 547 U.S. at 589. Michigan conceded that the entry was a violation of the knock-and-announce rule. 547 U.S. at 590. The United States Supreme Court held that evidence seized when officers with a search warrant did not knock before entering a residence need not be excluded. The Court stated that "the knock-and-

11

announce rule has never protected . . . one's interest in preventing the government from seeing or taking evidence described in a warrant. Since the interests that *were* violated in this case have nothing to do with the seizure of the evidence, the exclusionary rule is inapplicable." 547 U.S. at 594. Evidence obtained pursuant to a warrant need not be excluded because officers violate the knock-and-announce rule.

The Kansas Supreme Court adopted the *Hudson* rule in *State v. Francis*, 282 Kan. at 126-27. In *Francis*, police obtained a warrant and searched Francis' residence. Francis argued that the district court erred in denying his motion to suppress because the warrant was illegally executed by officers who failed to knock before entering. 282 Kan. at 126. The Kansas Supreme Court held that, under *Hudson*, the district court did not err in denying the motion to suppress. *Francis*, 282 Kan. at 127; see *State v. Staton*, No. 95,966, 2007 WL 881957, at *2 (Kan. App. 2007) (unpublished opinion) (reversing district court's suppression of evidence where warrant was executed in violation of knock and announce requirement and opining that under *Hudson*, court "need not consider . . . the reasonableness of the officers' entry").

Under *Hudson*, regardless of whether Officer Groh acted unreasonably in obtaining a no-knock warrant based on information about Irving, the district court did not err in denying Bell's motion to suppress. Even if the no-knock aspect of the warrant had not been granted, the evidence would not have been excluded due to a failure to knock and announce prior to executing the search warrant. Accordingly, we affirm the decision of the district court to deny Bell's motion to suppress for this reason.

Affirmed.