NOT DESIGNATED FOR PUBLICATION

No. 118,398

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LORI JEANNE BOSWELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed October 26, 2018. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM: Lori Jeanne Boswell appeals her conviction of possession of methamphetamine following a jury trial. Her only claim on appeal is that the district court erred in denying her motion to suppress the evidence. But because Boswell failed to preserve the issue for appeal by not making a contemporaneous objection to the evidence at trial, we affirm the district court's judgment without reaching the merits of her claim.

We will briefly review the facts. On February 14, 2016, Boswell was passed out in her car at a Kwik Shop parking lot for several hours before the store clerk called the

1

police to notify them of the situation. As a result of the phone call, Lenexa police officer Jacob Guthier was dispatched to the Kwik Shop to conduct a welfare check. When Guthier arrived at the Kwik Shop, he observed a single car in the parking lot, parked directly in front of the store. The car was running and its lights were on.

As Guthier approached the driver's side door, he noticed that Boswell was the only occupant and that she was passed out, slumped over the steering wheel. Guthier knocked on the driver's side window but it took a couple knocks to wake up Boswell. Once she perked up, Boswell rolled the window down part way. Guthier inquired into Boswell's condition and identity. Boswell identified herself and said that she was sick. Guthier asked to see Boswell's driver's license but she was unable to locate it.

Eventually, Boswell exited her car and agreed to sit in the backseat of Guthier's patrol car. Guthier continued questioning Boswell about her condition and whether she was using drugs or alcohol. At some point, Guthier requested a driver's license photo from dispatch to confirm Boswell's identity, and he also requested a records check. Finally, Guthier asked if he could search the car. Boswell replied affirmatively.

While Boswell stayed in the patrol car, Guthier searched her car and discovered methamphetamine as well as a digital scale. Guthier confronted Boswell with the newly found evidence, but she denied knowing anything about it. Guthier then arrested Boswell.

The State charged Boswell with possession of methamphetamine and possession of drug paraphernalia (the digital scale). Boswell later filed a motion to suppress the evidence found during the search of her car. In the motion, Boswell argued that she was detained for an illegal investigation and that Guthier coerced her consent to search her car. The State filed a response and argued that Guthier conducted a lawful welfare check, that he had reasonable suspicion to detain Boswell, and that Boswell was never seized.

2

The district court held a hearing on the motion to suppress on October 25, 2016. Guthier testified for the State and revealed that he had recorded the entire encounter with an Axon camera. With no objection from Boswell, the State admitted the video recording showing the encounter before the search. Ruling from the bench, the district court denied the motion to suppress. The district court found that Boswell participated in a voluntary encounter with Guthier and that Guthier conducted a lawful welfare check.

The case proceeded to a jury trial on July 24, 2017. The State called Guthier and a forensic chemist as its only witnesses. Along with admitting a redacted video recording of the encounter without objection, the State also admitted the methamphetamine and digital scale evidence with no objection from Boswell. The jury found Boswell guilty of possession of methamphetamine but not guilty of possession of drug paraphernalia. On September 5, 2017, the district court sentenced Boswell to 11 months' imprisonment but granted probation for 12 months. Boswell timely appealed her conviction.

On appeal, Boswell claims the district court erred in denying her motion to suppress the evidence. Boswell concedes that she failed to object to the introduction of the drug evidence at trial. Even so, she maintains that she raised her arguments below through her motion to suppress, as well as arguing for an exception to preservation. On the merits, Boswell contends that Guthier improperly transformed a welfare check into an investigatory detention without reasonable suspicion of a crime. She also argues that her consent to the search of her car was given involuntarily.

The State first argues that Boswell failed to preserve her issue for appeal because she failed to make a contemporaneous objection to the evidence at trial. On the merits, the State argues that the entire encounter between Boswell and Guthier was voluntary, so Boswell's constitutional rights were not implicated. The State also argues that even if the encounter was not voluntary, Guthier had reasonable suspicion to investigate whether Boswell was committing the crime of driving under the influence.

The threshold issue we must address is whether Boswell has properly preserved her suppression issue for appeal. K.S.A. 60-404 provides that "[a] verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record an objection to the evidence timely interposed and so stated as to make clear the specific ground of objection." Our Supreme Court has interpreted this statute to mean that when the district court has denied a pretrial motion to suppress, the moving party must object to the introduction of the evidence at the time it is offered at trial to preserve the issue for appeal. *State v. Richard*, 300 Kan. 715, 726, 333 P.3d 179 (2014).

In an effort to circumvent the provisions of K.S.A. 60-404, Boswell argues that an exception to the preservation rule applies to his case. As Boswell points out, there are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including the following: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the district court may be upheld on appeal despite its reliance on the wrong grounds or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Boswell is correct that three exceptions can sometimes be applied to allow an appellant to raise a new *issue* on appeal that was not raised in district court. But our Supreme Court has made it clear that the three caselaw exceptions that allow a party to raise an issue for the first time on appeal do not allow a party to circumvent the contemporaneous objection requirement for the admission of evidence under K.S.A. 60-404. See *State v. Solis*, 305 Kan. 55, 63, 378 P.3d 532 (2016); see also *State v. Randolph*, 297 Kan. 320, 335, 301 P.3d 300 (2013) (refusing to allow caselaw exceptions to swallow the statutory rule).

4

The contemporaneous objection rule for the admission of evidence has been relaxed in bench trials. In *State v. Bogguess*, 293 Kan. 743, 747, 268 P.3d 481 (2012), the court held that when a bench trial consisting solely of stipulated facts is conducted by the same judge who presided over a hearing on a motion to suppress the evidence, the lack of a contemporaneous objection does not bar appellate review of the ruling on the motion to suppress. See also *State v. Kelly*, 295 Kan. 587, 285 P.3d 1026 (2012) (applying holding in *Bogguess* to bench trial presided over by different judge than the motion to suppress).

Here, Boswell's case was tried before a jury. In jury trials, our Supreme Court has shown no indication that it intends to deviate from the requirement of a contemporaneous objection at trial in order to preserve an evidentiary issue for appellate review. See *Richard*, 300 Kan. at 720-21 (pretrial objection must be renewed at trial); *State v. Bowen*, 299 Kan. 339, 351, 323 P.3d 853 (2014) ("party seeking appellate review of erroneously admitted evidence must lodge a contemporaneous objection"); *State v. Shadden*, 290 Kan. 803, 835, 235 P.3d 436 (2010) (contemporaneous objection must be made to all evidentiary claims to preserve the issue for appellate review).

The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). We must strictly enforce the contemporaneous objection rule under K.S.A. 60-404 as to Boswell's pretrial motion to suppress the evidence. Because Boswell failed to preserve the issue for appeal by not making a contemporaneous objection to the evidence at her trial, we affirm the district court's judgment without reaching the merits of her claim.

Affirmed.